732 So.2d 1155 (1999)
Ellen A. MANAS, Appellant,
v.
Richard L. MANAS, Appellee.
No. 98-676.
District Court of Appeal of Florida, Third District.
April 14, 1999.
Rehearing Denied June 23, 1999.
Hicks & Anderson and Debra B. Potter and Ila J. Klion, for appellant.
Sinclair, Louis, Heath, Nussbaum & Zavertnik and John L. Zavertnik and Paul A. Louis, for appellee.
*1156 Before SCHWARTZ, C.J., and GERSTEN and SHEVIN, JJ.
SCHWARTZ, Chief Judge.
After a five-day trial, the trial judge executed a 65 page final judgment prepared by the wife's counsel which was entirely favorable to her, simultaneously rejecting an equally partisan proposal submitted by the husband. Without any new evidence and based solely on argument of counsel, however, the judge then signed a completely contrary order on rehearing embodying the entirely pro-husband position he previously refused. Under these unfortunate and highly disquieting circumstanceswhich are exacerbated by the fact that this voluminous record contains not a single written or oral self-originated expression of the court's own views on the meritswe lack any confidence that either ruling represents an act of independent judicial consideration and judgment. See Waldman v. Waldman, 520 So.2d 87 (Fla. 3d DCA 1988), review denied, 531 So.2d 169 (Fla.1988); Hanson v. Hanson, 678 So.2d 522 (Fla. 5th DCA 1996); see also Cornett v. Cornett, 713 So.2d 1083 (Fla. 2d DCA 1998). Compare Johnson v. Johnson, 725 So.2d 1209, 1215-16 (Fla. 3d DCA 1999). We are reluctantly forced therefore to vacate both the initial final judgment with the exception of dissolution of the parties' marriageand the order on rehearing with the exception of the periodic alimony provision which we endorse only as a temporary award. Our decision thus leaves every other issue in the case for initial determination by a new circuit judge, including but not limited to the wife's claims for temporary and permanent attorney's fees, to modify the temporary alimony referred to in this opinion or the original temporary award, and all issues relating to equitable distribution and nonmarital property.[1]
Vacated, remanded.
NOTES
[1] [W]e note that nothing prevents the parties from getting together and agreeing upon [a fair resolution of their dispute]. Doing so would be an appropriate "concession to the shortness of life."

American Civil Liberties Union v. Barnes, 168 F.3d 423, 439 (11th Cir.1999)[12 FLW Fed. C509, C514].