751 So.2d 1270 (2000)
Juan A. GUILLEN, Appellant,
v.
Lourdes GUILLEN, Appellee.
Nos. 3D98-1621, 3D97-3361.
District Court of Appeal of Florida, Third District.
March 15, 2000.
*1271 Alan P. Byrd, Miami, for appellant.
Marilyn Blumberg; Ellen G. Lyons, Miami, for appellee.
Before COPE and GODERICH, JJ., and NESBITT, Senior Judge.
COPE, J.
Juan A. Guillen appeals, and Lourdes Guillen cross-appeals, a final judgment of dissolution of marriage. We affirm in part and reverse in part.
This was a dissolution of a thirty-year marriage in which the husband worked and, for most of the marriage, the wife did not. The trial court ordered permanent periodic alimony. The husband contends that in deciding the amount of alimony he was able to pay, the trial court miscalculated his disposable income. The wife's accountant testified that the husband's retirement plan consisted of a mandatory component and an optional component, and that the monthly deduction for his mandatory retirement plan was $245 per month. The court accepted this testimony and ruled that the husband would be entitled to a deduction of only $245 per month. The court reasoned that in calculating the husband's current ability to pay alimony, the court should grant a deduction only for a mandatory retirement contribution, not for an optional retirement plan.
We can find no evidence which supports the accountant's testimony as to the $245 amount, nor is there evidence supporting the proposition that the retirement item shown on the husband's pay record had a mandatory and an optional component. The evidence of record reveals a single mandatory plan with a much higher deduction from the husband's paycheck.
Since the husband's claim of error on this point is well taken, we reverse the judgment with respect to the permanent alimony issue, and remand for a redetermination of the husband's available income. At the time of remand the trial court may also consider any material changes in the parties' financial circumstances which may have occurred since the date of the final hearing, including pay increases received by the husband, and upon consideration of all of the circumstances, may set alimony at an appropriate figure (which, depending on the circumstances, may be lower, higher, or the same).[1]
The husband argues that the trial court should not have counted the cash value of the husband's accumulated annual leave, compensatory time, and sick leave as an asset for equitable distribution.[2] *1272 Under the City of Miami pay plan, the cash value of his accumulated leave balances will be payable to him upon separation from employment. These cash balances are shown on the husband's pay stub, apparently in an effort by the City to create an incentive to accumulate leave rather than use it.
On appeal, the husband argues that such accumulated leave amounts should not be considered as an asset for equitable distribution purposes. He argues that it is uncertain whether these amounts will ever be realized, because it is impossible to determine what the husband's leave balance will be at the time he retires. That is not, however, the argument he made in the trial court. At the trial level, the husband argued that the judgment should provide for the husband to pay the wife one-half of whatever he receives for accumulated leave time when he retires in the future. In other words, he conceded that the trial court could consider these leave amounts as an asset available for equitable distribution, but argued that valuation and distribution of accumulated leave should occur at the point of retirement.
Given a concession that these leave amounts are compensable, the trial court had discretion over setting the valuation and payment date.[3] If distribution were postponed to the time of retirement, the husband would have discretion over whether to preserve, or consume, the leave balances. If he retired with lower leave balances than he has now (or a zero balance), the wife would likely claim that the husband acted unfairly to frustrate the judgment. Rather than sow the seeds of a future controversy, it was entirely appropriate to count the cash value of the annual leave, compensatory time, and sick leave balances as a marital asset and distribute it now, along with the other marital assets.
With regard to the remaining issues on the husband's appeal, and the issues on cross-appeal, we conclude that the trial court's rulings were within discretion. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.
NOTES
[1] It may be more economical for the parties to attempt to resolve this issue by agreement. See Manas v. Manas, 732 So.2d 1155, 1156 n. 1 (Fla. 3d DCA), review denied, 744 So.2d 455 (Fla.1999).
[2] The court granted the cash value of the leave balances to the husband and awarded other assets to the wife.
[3] Although we need not reach the issue here in light of the husband's concession, distribution of the cash value of leave balances upon dissolution of marriage has been deemed proper in several cases. See Sabatino v. Sabatino, No. 97 CA 207, 1999 WL 436723, at *3-4 (Ohio Ct.App. June 24, 1999); Hartley v. Hartley, No. 16668, 1998 WL 199637, at *2 (Ohio Ct.App. Apr.24, 1998); King v. King, 719 So.2d 920, 923 (Fla. 5th DCA 1998); In re Marriage of Williams, 84 Wash.App. 263, 927 P.2d 679, 683 (1996).