821 So.2d 383 (2002)
Valerie BOGOS, Appellant/Cross-Appellee,
v.
James E. BOGOS, Appellee/Cross-Appellant.
No. 2D01-987.
District Court of Appeal of Florida, Second District.
July 10, 2002.
*384 James P. Knox and David M. Caveda of Knox & Givens, P.A., Tampa, for Appellant/Cross-Appellee.
James E. Bogos, pro se.
ALTENBERND, Judge.
Valerie Bogos, the former wife, appeals an order terminating the last six months of her rehabilitative alimony award and denying, in part, her request for attorneys' fees. James E. Bogos, the former husband, cross-appeals the same order raising various other issues. We reverse that portion of the order which granted only part of the former wife's request for attorneys' fees because the order lacks specific findings to support it. We affirm without further comment all other aspects of the order.
After a final hearing on the former husband's petition to terminate rehabilitative alimony, the trial court held a hearing on numerous pending motions and other outstanding issues. These issues included requests by both parties for attorneys' fees incurred in litigating the petition to terminate alimony and in resolving other motions pertaining to child visitation and shared parental responsibility. At that hearing, it was uncontroverted that the former husband earns, and has consistently earned, more than four times the income of the former wife.
Toward the end of the hearing as the trial court attempted to rule on the matters before it, the parties repeatedly interjected new arguments and issues, making the trial court's task difficult and the hearing transcript confusing.[1] At one point, the trial court held that the former wife had incurred reasonable attorneys' fees of $16,500. The trial court later indicated that the former wife was requesting $14,335 in attorneys' fees. Despite these findings, at the conclusion of the hearing the trial court ordered the former husband to pay only $9,165 in fees. The trial court did not specifically determine the reasonable hourly rate or how many hours were *385 reasonably expended, and did not explain why it was ordering the former husband to pay only a portion of the former wife's fees. Similarly, the written final order does not contain findings in this regard.
On appeal, the former wife argues that the trial court properly found all of the fees to be reasonable but erroneously denied her request to award her all of the fees incurred, particularly given the substantial disparity between the parties' incomes. See Lowman v. Lowman, 724 So.2d 648 (Fla. 2d DCA 1999). The former husband argues that the trial court found some of the fees were not reasonable and properly denied them based upon factors set out in Rosen v. Rosen, 696 So.2d 697 (Fla.1997).
There are no specific findings in our record to support either of these theories, and thus we are unable to adequately review the award. The lack of findings makes the order facially insufficient and prohibits meaningful review. See Boyle v. Boyle, 485 So.2d 879 (Fla. 2d DCA 1986) (citing Florida Patient's Comp. Fund v. Rowe, 472 So.2d 1145 (Fla.1985)). Accordingly, we reverse the order as it relates to attorneys' fees and remand for further proceedings consistent with this opinion.
Reversed and remanded.
STRINGER, J., and SCHEB, JOHN M., Senior Judge, Concur.
NOTES
[1] This case displays symptoms of the onset of Wrona's disease. See Wrona v. Wrona, 592 So.2d 694 (Fla. 2d DCA 1991). This divorced family includes two young children who will need the financial and emotional resources of both of their parents to succeed. Hopefully, on remand, the parties will find a cure for these symptoms and will resolve the remaining issues civilly and without undue expense.