913 So.2d 110 (2005)
Jolene Marie PURPURA f/k/a Jolene Marie Kelly, Appellant,
v.
Robert E. KELLY, Appellee.
No. 1D05-0157.
District Court of Appeal of Florida, First District.
October 26, 2005.
Michael B. Jones, Windermere, for Appellant.
Margaret Blowers Anderson, Gainesville; and Cynthia Stump Swanson of Cynthia Stump Swanson, P.A., Gainesville, for Appellee.
PER CURIAM.
The appellant appeals from a final judgment in a dissolution of marriage proceeding. Before the date of filing of the petition for dissolution of marriage, the appellee accrued 183.65 hours of leave. Of the total hours accrued, the trial court only awarded the appellant one-half of the value of 31.65 hours. The trial court erred in failing to treat the entire amount of the appellee's accrued leave hours as a marital asset subject to distribution. Therefore, we reverse and remand for the trial court to order the appellee to pay to the appellant one-half of the value of the remaining 152 hours of leave, less applicable income taxes, when those amounts become payable to the appellee. We affirm the remaining issues without discussion.
AFFIRMED in part, REVERSED in part, and REMANDED WITH INSTRUCTIONS.
BARFIELD and DAVIS, JJ., concur.
KAHN, C.J., concurs and dissents with opinion.
KAHN, C.J., concurring and dissenting.
I concur with the court's decision that Mr. Kelly's accrued leave is a marital asset subject to equitable distribution under section 61.075, Florida Statutes. See Guillen v. Guillen, 751 So.2d 1270, 1272 (Fla. 3d DCA 2000)("[I]t was entirely appropriate to count the cash value of the annual leave, compensatory time, and sick leave balances as a marital asset...."). I do not, however, agree with the instruction on remand that Mr. Kelly must pay one-half of the value of the remaining leave time "when those amounts become payable" to him. Because Mr. Kelly has complete control over when he exercises his entitlement to leave, this benefit is payable immediately. A trial court might adopt the method *111 commanded by the majority, it might adopt my reasoning that the asset is immediately payable, or it might arrive at some other equitable and supportable means of distributing the asset. In any event, the decision is best left to the discretion of the trial court. Accordingly, having determined that the leave time is a marital asset, we should entrust the method and timing of distribution of the asset to the sound discretion of the trial judge.