936 So.2d 1184 (2006)
Valerie BOGOS, Appellant,
v.
James E. BOGOS, Appellee.
No. 2D05-2371.
District Court of Appeal of Florida, Second District.
August 25, 2006.
Allison M. Perry of Allison M. Perry, P.A., Tampa; and James P. Knox of Knox & Givens, P.A., Tampa, for Appellant.
James E. Bogos, pro se.
ALTENBERND, Judge.
Valerie Bogos appeals an order granting in part and denying in part her claim for *1185 attorneys' fees that she incurred in postjudgment dissolution of marriage proceedings against James E. Bogos. This order was entered on remand, after this court reversed a portion of an earlier order on the same claim. Bogos v. Bogos, 821 So.2d 383 (Fla. 2d DCA 2002). Because the order now on appeal suffers from some of the same infirmities as the order we previously reversed, we must reverse again.
The parties' marriage was dissolved by a final judgment entered in July 1997. The postjudgment proceedings that are now at issue began in March 1998 and addressed numerous issues. Initially, the former wife was represented by Nancy Harris. At some point, the law firm of Knox & Givens took over representation of the former wife. In February 2001, Judge Gregory P. Holder entered a final order in the postjudgment proceedings, seeking to resolve the remaining issues between the parties, including the former wife's request for attorneys' fees pursuant to section 61.16, Florida Statutes (1997).
Both parties appealed Judge Holder's order. We affirmed the order in all respects but one. We reversed that portion of the order that denied the former wife all but $7500 of the attorneys' fees she incurred in the postjudgment proceedings. We reversed on this issue because Judge Holder had not made findings that would permit meaningful appellate review. Bogos, 821 So.2d at 385. Specifically, Judge Holder had not explained whether he had denied the former wife's remaining fees because he concluded that they were unreasonable or unnecessarily incurred, or whether he had based the decision on the comparative financial circumstances of the parties. We noted, however, that the former husband had consistently earned more than four times the income of the former wife.
Our opinion did not provide detailed instructions to the parties or to the circuit court to follow on remand. This flexibility was intentional. If the parties had appeared before Judge Holder and indicated that their respective financial positions remained the same and that the existing record was sufficient to resolve the matter, it was foreseeable that Judge Holder might choose to make the necessary factual findings by a simple review of the court records. On the other hand, if the parties indicated that one or both of them had experienced a significant change in their financial circumstances or that the record was otherwise insufficient, Judge Holder may have appropriately decided to conduct an evidentiary hearing.[1]
By the time the case was remanded to the circuit court, Judge Holder had been assigned to a new division. The case was thus assigned to a successor judge, who was unfamiliar with the parties and the litigation between them. The former wife proposed that the successor judge review the court records to formulate an appropriate order. The former husband initially objected to this procedure but thereafter indicated that the successor judge should rely on portions of the existing record.
These procedural disputes were never fully resolved between the parties or by the court. The parties did agree that the former wife had incurred reasonable attorneys' fees of $7500 for the services of Knox *1186 & Givens before the circuit court. The former wife presented evidence that she had also incurred fees for the services of Nancy Harris. Nancy Harris had billed the former wife in excess of $32,000, but had accepted payment in full of $16,000. The former wife asked the circuit court to award her $23,500 in attorneys' fees, representing the fees paid to Ms. Harris and the fees reasonably incurred to Knox & Givens. The former husband objected on numerous substantive and procedural grounds. He even argued that he should not be required to pay any fees based upon the factors listed in Rosen v. Rosen, 696 So.2d 697, 700 (Fla.1997), despite the fact that he had agreed the fees of Knox & Givens were reasonable.
The circuit court took the matter under advisement. On April 6, 2005, the circuit court issued an order that granted the same relief provided in the prior order issued by Judge Holder. That is, the circuit court again awarded the former wife only the $7500 in fees she incurred with Knox & Givens. In denying the former wife the fees she incurred with Ms. Harris, the circuit court made only one finding: "The former wife's counsel Nancy Harris testified that the former husband did not owe her any money. She has been paid in full."
Ms. Harris did testify that she had been paid in full. Although no evidence was presented as to how this payment was made, there were at least representations of counsel that the payment was made by the former wife's brother. These circumstances, however, are not an appropriate basis for denying the former wife an award of reasonable attorneys' fees. See Cullen v. Cullen, 884 So.2d 304, 306 (Fla. 2d DCA 2004) (explaining that "[t]he purpose of an attorneys' fee award under section 61.16, Florida Statutes (2002), is to ensure that both parties will have a similar ability to obtain competent legal counsel," and "the mere fact that a party has paid fees, or has some ability to pay fees, does not control"); Mott v. Mott, 800 So.2d 331, 334 (Fla. 2d DCA 2001) (stating that in determining a claim for fees pursuant to section 61.16, "the trial court must base its determination upon the individual financial resources of the parties, not the financial assistance provided by family or friends"); Diaco v. Diaco, 363 So.2d 183, 186-87 (Fla. 2d DCA 1978) (stating that "we see no reason why the willingness of [the wife's] father to provide the necessary fee money to her should relieve the husband from a duty to provide such reasonable sums as will enable her to obtain representation equal to his own in these proceedings"). Thus, the circuit court erred in denying the former wife's request for the attorneys' fees incurred for Ms. Harris on this basis.
We reluctantly reverse once again. In our prior opinion, we warned that this case displayed the symptoms of the onset of Wrona's disease[2] and we urged the parties to find a swift cure for the financial and emotional sake of their young children. The parties have been unable to do so. In an effort to assist in the resolution of this matter, on remand the circuit court may (1) accept the stipulation of the parties that the $7500 in fees the former wife incurred for the services of Knox & Givens in the circuit court litigation were reasonable; (2) review the transcript of the testimony of Ms. Harris at the December 12, 2003, hearing and the documentary evidence she submitted regarding the hourly rates she charged and the hours she expended in representing the former wife;[3] (3) review the court records; (4) determine the reasonable hourly rate and reasonable amount of hours expended by Ms. Harris *1187 on the former wife's behalf; (5) solicit and receive evidence on the relative financial circumstances of the parties; and (6) enter an appropriate order, with specific findings, on the former wife's request for attorneys' fees. We note that two trial judges have now reviewed this case and have both seemingly rejected the former husband's argument that the Rosen factors merit a reduction in the amount of fees awarded to the former wife. In the prior appeal, this court concluded that the Rosen factors should play no role in setting the appellate attorneys' fees when we conditionally granted the former wife's request for appellate attorneys' fees. On remand, the circuit court is not required to revisit this issue.
We have specifically used the word "may" in the preceding paragraph. Nothing in that paragraph should be read to prevent the parties from stipulating to some or all the procedures to be followed and the underlying facts that should guide the circuit court's decision.[4] Further, if the circuit judge assigned to the case on remand decides that a more extensive evidentiary hearing is required, our opinion does not foreclose this. We urge the court and both parties, however, to work together to expeditiously and conclusively resolve this litigation without any further undue expense.
Reversed and remanded.
SALCINES and SILBERMAN, JJ., Concur.
NOTES
[1] We note that section 61.16 requires a review of the parties' respective financial positions but does not dictate that the analysis must be based on the financial positions at any specific point in time. Case law does not mandate an analysis at any set point. It would appear that the respective finances of the parties may be relevant from the date of filing the action and continuing until the time the fees are awarded or denied because changes in the parties' financial circumstances may affect their need for fees, ability to pay fees, and the ability of each party to secure competent counsel.
[2] See Wrona v. Wrona, 592 So.2d 694 (Fla. 2d DCA 1991).
[3] Although the former husband made blanket arguments that the former wife incurred fees that were unreasonable, he did not point to specific charges that were unreasonable. There appears to be no need, therefore, to give the former husband a "second bite at the apple" in this regard.
[4] As Judge Schwartz has previously explained, doing so would be "an appropriate concession to the shortness of life." See Manas v. Manas, 732 So.2d 1155, 1156 n. 1 (Fla. 3d DCA 1999) (citing Am. Civil Liberties Union v. Barnes, 168 F.3d 423, 439 (11th Cir. 1999)).