952 So.2d 528 (2006)
Valerie BOGOS, Appellant/Cross-Appellee,
v.
James E. BOGOS, Appellee/Cross-Appellant.
No. 2D01-987.
District Court of Appeal of Florida, Second District.
August 25, 2006.
James P. Knox of Knox & Givens, P.A., Tampa; and Allison M. Perry of Law Office of Allison M. Perry, P.A., Tampa, for Appellant/Cross-Appellee.
James E. Bogos, pro se.
ORDER ON MOTION FOR REVIEW OF TRIAL COURT'S DENIAL OF APPELLATE ATTORNEYS' FEES
Pursuant to Florida Rule of Appellate Procedure 9.400(c), Valerie Bogos seeks review of a circuit court order denying her appellate attorneys' fees in this appeal. In a prior order, issued in conjunction with the opinion in Bogos v. Bogos, 821 So.2d 383 (Fla. 2d DCA 2002), this court remanded Ms. Bogos' motion for appellate attorneys' fees to the circuit court to assess whether she was entitled to the fees pursuant to section 61.16, Florida Statutes (2001), and to determine the amount of fees she reasonably incurred. We instructed the circuit court that it should not consider the Rosen factors in making its decision. See Rosen v. Rosen, 696 So.2d 697, 700 (Fla.1997).
On remand, the circuit court attempted to address all of the remaining attorneys' fees issues simultaneouslythose remanded in the opinion and those remanded in the order on the former wife's motion for appellate attorneys' fees. Unfortunately this reasonable plan led to some considerable confusion. The former wife maintained that all of the issues presented on remand could be decided based upon the evidence in the existing record. Neither party asserted that their relative financial positions had changed since the earlier hearing. The circuit court indicated that in determining the former wife's entitlement to appellate attorneys' fees, it would *529 rely upon a prior determination that the former husband earned, and had traditionally earned, four times the amount of the former wife. Thereafter, however, the circuit court issued an order denying the former wife any appellate attorneys' fees because she had not presented new evidence as to her financial need. Under the circumstances, if the circuit court decided that it required new evidence of financial need, due process required that the former wife be given an opportunity to present that evidence. Otherwise, the evidence already in the record supported an award of some or all of the appellate attorneys' fees the former wife incurred. Accordingly, we reverse the order.
On remand, in the absence of a stipulation otherwise, the former wife should be prepared to present evidence regarding the respective financial positions of the parties to establish her entitlement to fees pursuant to section 61.16, as well as evidence of the fees she reasonably incurred in this appeal. We note again that the circuit court should not consider the factors set forth in Rosen.
ALTENBERND, CASANUEVA,[1] and STRINGER, JJ., Concur.
NOTES
[1] Judge Casanueva has been substituted for Judge Scheb, who was on the original panel.