MORRIS, Judge.
 

 Daniel Dye, the former husband, appeals the final judgment of dissolution of marriage wherein the trial court equitably distributed various assets and awarded Sheryl Dye, the former wife, permanent alimony.
 
 [1]
 
 The former husband challenges the trial court’s calculation of the amount of permanent alimony as well as the valuation of various assets involved in the equitable distribution scheme. We affirm without comment the trial court’s calculation of permanent alimony to the former wife. We also affirm the valuations used in the equitable distribution with the exception of the valuations of the former husband’s accrued sick leave and unused vacation time. Because the trial court erred in its valuation of the former husband’s accrued sick leave and unused vacation time, we reverse and remand for the entry of an amended final judgment only as to those assets.
 

 I. Relevant Facts
 

 At the time of the filing of the petition for dissolution, the former husband had accrued approximately 1060 hours of sick leave and 928.7 hours of unused vacation time through his employment with Hills-borough County. The former wife’s suggested method of valuation of the unused
 
 *1280
 
 vacation time was to multiply the total number of accrued hours by the former husband’s rate of pay at the time of filing the petition which was $34.69 per hour (i.e., 928.7 x $34.69) for a total of $32,216.60.
 

 The former wife’s suggested method of valuation of the unused sick leave was based on her interpretation of the former husband’s employment contract. The employment contract provided that upon an employee’s termination, the first 480 hours of accrued sick leave would be paid at 100% of the employee’s regular hourly wage, no payment would be made for sick leave between 481 and 960 hours, and only 1/2 payment would be made for sick leave accrued over 960 hours. According to the former wife, the proper valuation could be achieved only by taking into account
 
 all
 
 of the former husband’s accrued sick leave, rather than just the first 480 hours and 1/2 of any hours over 960. Thus, the former wife’s suggested formula for the accrued sick leave was as follows:
 

 Multiply the first 480 hours by $34.69 = $16,651.20
 

 Multiply the next 479 hours
 
 [2]
 
 by $34.69 = $16,616.51
 

 Multiply 50 hours
 
 [3]
 
 by $34.69 = $1,734.50
 

 Add the three figures together ($16,-651.20 + $16,616.51 4- $1,734.50) for a grand total of $35,002.21.
 

 The former husband argued for a different valuation of these assets. The thrust of his argument was that the method set forth in his employment contract had to be precisely followed without any variation in order to achieve a proper valuation of his unused sick leave and vacation time. With regard to the unused vacation time, the employment contract provided that employees could receive reimbursement for up to 421 hours of vacation time. Therefore, the former husband argued that the 421 hours of vacation time was worth approximately $14,604 (421 x his hourly rate of $34.69). However, because he did not currently have the right to collect it, the vacation time was not subject to immediate payout. Accordingly, the former husband argued that it was speculative to assume that he might have that amount of credit at the time he left his employment at some point in the future and therefore that it was not reasonable to expect him to finance a current payout to the former wife of something he might not ever receive.
 

 Similarly, with regard to sick leave, the former husband argued that there should be no value ascribed to sick leave at the time of filing the petition because a payout for such sick leave was only available at retirement and that there was no meaningful way to predict such a value. The former husband additionally argued that pursuant to the employment contract, sick leave was essentially valued at 50% so the proper method of valuation would be to multiply the total amount of accrued sick leave by his rate of pay and then divide that number by two (1062 x $34.69 = $36,840.78; that amount divided by two = $18,420.39).
 
 [4]
 

 
 *1281
 
 According to the former husband’s valuation method, the total value of his unused sick leave and vacation time should be approximately $33,024 (or $14,604 4-$18,420).
 

 In the final judgment, the trial court accepted the former wife’s valuation method and concluded that the accrued vacation time was worth $32,217 and that the accrued sick leave was valued at $35,002, for a total of $67,219.
 

 II. Analysis
 

 “The equitable distribution of the parties’ assets and liabilities is within the trial court’s broad discretion, and this court’s standard of review is for an abuse of that discretion.”
 
 McCants v. McCants,
 
 984 So.2d 678, 683 (Fla. 2d DCA 2008). In order for this court to find that the trial court abused its discretion, we must determine that the record on appeal does not demonstrate competent and substantial evidence to support the trial court’s valuation of marital assets.
 
 See
 
 § 61.075(3), Fla. Stat. (2007);
 
 Tucker v. Tucker,
 
 966 So.2d 25, 26 (Fla. 2d DCA 2007).
 

 The valuation of accrued but unused sick leave and vacation time is particularly troublesome because of its speculative nature and susceptibility to manipulation. Naturally, where there is no contractual provision for the payment of the cash value of such unused time, it is not a marital asset subject to equitable distribution.
 
 See Abdnour v. Abdnour,
 
 — So.3d -, 34 Fla. L. Weekly D938 (Fla. 2d DCA May 8, 2009). But where, as in this case, there is such a contractual payout provision, the cash value of unused sick leave and vacation time is a marital asset subject to equitable distribution.
 
 See King v. King,
 
 719 So.2d 920, 922-23 (Fla. 5th DCA 1998) (holding that where former husband testified that he would be compensated upon retirement for up to 700 sick leave hours, trial court erred by failing to award former wife any portion of former husband’s accrued sick leave).
 

 Some courts have taken the position that because an employee’s accrued but unused sick leave and vacation time balances are speculative in nature, such assets should not be valued or distributed until they become payable at some point in the future.
 
 See Purpura v. Kelly,
 
 913 So.2d 110, 110 (Fla. 1st DCA 2005). Other courts have determined that if the valuation or distribution of these assets was postponed to the time of retirement, they might be subject to manipulation because the employee in question “would have discretion over whether to preserve, or consume, the leave balances.”
 
 Guillen v. Guillen,
 
 751 So.2d 1270, 1272 (Fla. 3d DCA 2000).
 

 The trial court apparently chose to utilize the method of present valuation espoused in
 
 Gtiillen.
 
 While we do not hold that the trial court’s use of a present valuation was per se error, we do hold that the trial court erred by including 479 hours of accrued sick leave (for the hours between 481 and 960) and by including the accrued vacation time beyond 421 hours. There was simply no competent, substantial evidence to support the inclusion of those assets.
 

 However, because the former husband’s employment contract provides guidance on the valuation method for both sick leave and vacation time, it cannot be said that a present valuation would be so speculative so as to be arbitrary. We conclude that it is in the best interest of the parties to utilize the method of present valuation set forth in the employment contract and to equitably distribute the assets now as opposed to waiting until the former husband terminates employment.
 
 See Guillen,
 
 751 So.2d at 1272. Therefore, we reverse the final judgment only as to the valuation and
 
 *1282
 
 equitable distribution of the former husband’s accrued and unused sick leave and vacation time and we remand for further proceedings in accordance with this opinion.
 

 Affirmed in part, reversed in part, and remanded.
 

 FULMER and WALLACE, JJ., Concur.
 

 [1]
 

 . This case involves the dissolution of a long-term marriage of twenty-six years.
 

 [2]
 

 . This number was reached by taking 960 hours and subtracting 481.
 

 [3]
 

 . Because the former husband had accrued i 060 hours of sick leave and the employment contract provided that he could only be paid for 1/2 of any hours above 960, the 100 hours over the 960 was divided by two.
 

 [4]
 

 .The former husband produced a leave balance sheet which listed 1061.7897 accrued sick leave hours. However, it appears the trial court relied on deposition testimony from the Hillsborough County payroll manager that the former husband had accrued 1060 hours of sick leave.