DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BONNIE DOVE,**
Appellant,

v.

**MATTHEW FREER,**
Appellee.

No. 4D2024-2686

[January 21, 2026]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Okeechobee County; Laurie E. Buchanan, Judge; L.T. Case No. 472023DR000284.

Melody Ridgley Fortunato of Fortunato & Associates, P.A, Fort Lauderdale, for appellant.

Matthew Freer, Okeechobee, pro se.

SHAW, J.

Bonnie Dove (the "Wife") appeals several aspects of a Final Judgment on Dissolution of Marriage (the "Final Judgment"). More specifically, Wife contends the circuit court erred in three ways: (1) by miscalculating Matthew Freer's (the "Husband") ability to pay alimony; (2) by not classifying Wife's credit card debt as a marital liability; and (3) by not classifying Husband's sick, vacation, holiday and compensatory leave as a marital asset subject to equitable distribution. For the reasons discussed more fully below, we reverse and remand to the circuit court.

## I.    BACKGROUND

Wife and Husband were married on September 13, 2013. On March 1, 2023, the parties separated, though they did not enter into a formal separation agreement. On August 7, 2023, Wife filed a Petition for Dissolution of Marriage and Other Relief without Dependent or Minor Children (the "Petition"). Husband filed an Answer and Affirmative Defenses, and Wife subsequently replied. On September 20, 2024, the circuit court held a final hearing regarding these matters.

On September 24, 2024, the circuit court issued the Final Judgment. As relevant to this appeal, the Final Judgment contained the following findings and conclusions: (1) Wife's monthly need for alimony was $618.07, but Husband's monthly surplus was $465.56; (2) the parties had no marital debt when they separated on March 1, 2023; and (3) Husband's accumulated sick, vacation, holiday and compensatory leave (collectively, the "Leave") was not a marital asset subject to equitable distribution.

## II.    STANDARDS OF REVIEW

On appeal, we review an award of alimony for an abuse of discretion. *See Bardowell v. Bardowell*, 975 So. 2d 628, 630 (Fla. 4th DCA 2008) (citing *Ondrejack v. Ondrejack*, 839 So. 2d 867, 870 (Fla. 4th DCA 2003)). Mathematical errors are reviewed de novo. *See Henry v. Henry*, 191 So. 3d 995, 997 (Fla. 4th DCA 2016) (citing *Kareff v. Kareff*, 943 So. 2d 890, 892 (Fla. 4th DCA 2006)).

The standard of review of a trial court's determination of equitable distribution also is abuse of discretion. *See Whittaker v. Whittaker*, 331 So. 3d 719, 720–21 (Fla. 4th DCA 2021). "However, '[a] trial court's legal conclusion that an asset is marital or nonmarital is subject to de novo review.'" *Id.* at 721 (citation and internal quotation omitted).

## III.    DISCUSSION

We address each issue in turn below.

### A. *The Circuit Court Erred in Calculating Husband's Ability to Pay Alimony*

In the Final Judgment, the circuit court found that Wife successfully rebutted the presumption against alimony to the extent that she has a monthly need of $618.07. Relying upon Husband's financial affidavit, the circuit court found that Husband has a monthly surplus of $465.56. Accordingly, the circuit court ordered Husband to pay monthly alimony of $456.56.[1]

However, a mathematical error in Husband's financial affidavit led to the circuit court's determination that Husband had a monthly surplus of $465.56. Specifically, in one section of his affidavit, Husband listed "other monthly expenses not listed above" as totaling $776.00, but this was

---

[1] This appears to be a scrivener's error.

incorrect. When the listed expenses are added up, the total is only $326.00. Therefore, we reverse and remand for the circuit court to calculate correctly Husband's ability to pay alimony and modify the alimony award accordingly.

### B. The Circuit Court Erred in Classifying Wife's Credit Card Debt as Nonmarital

The circuit court found that the parties had no marital debt when they separated on March 1, 2023. Wife, however, presented evidence at the final hearing that she had incurred $35,570.06 in credit card debt (the "Debt") after the parties' separation, but before she filed the Petition. Wife argued that the Debt, which she incurred by paying housing and living expenses after her separation, should have been classified as a marital liability. She is correct.

The circuit court erred in failing to include the Debt as a marital liability. Under section 61.075(7), Florida Statutes (2024), the date for determining the marital classification of liabilities "is the earliest of the date the parties enter into a valid separation agreement, such other date as may be expressly established by such agreement, or the date of the filing of a petition for dissolution of marriage." Here, Husband and Wife did not enter into a valid separation agreement, nor expressly establish another date by any agreement. Accordingly, the cut-off date for determining marital liabilities should have been the date of the Petition. *See* § 61.075(7), Fla. Stat. (2024). The Debt, which was incurred by Wife after the date of separation but before filing the Petition, should have been classified as a marital liability.

We reverse the portion of the Final Judgment on this issue and remand with instructions for the circuit court to classify the Debt as a marital liability and adjust the equitable distribution scheme accordingly. *See Rao-Nagineni v. Rao*, 895 So. 2d 1160, 1161 (Fla. 4th DCA 2005); *Gayer v. Nicita*, 368 So. 3d 533, 536 (Fla. 6th DCA 2023).

### C. The Circuit Court Erred in Not Classifying Husband's Leave as a Marital Asset

At the final hearing, Wife argued that Husband's Leave was a marital asset and sought half of its value. Wife entered into evidence Husband's collective bargaining agreement with his employer, Husband's pay stub from the date of the marriage, and Husband's pay stub from the date of the filing of the Petition. Pursuant to the collective bargaining agreement, Husband will be paid for any unused sick leave, vacation leave, holiday

3

time, and compensatory time when he ceases working for his employer. Vacation time, holiday time, and compensatory time are paid out at Husband's hourly rate. Sick leave is paid out differently—Husband receives payment for the first 480 hours of sick leave which he has remaining at the time he ceases work, but after that, he receives 50 percent of the remaining hours, not to exceed 1,200 hours. Using this methodology and applying Husband's current hourly pay rate, Wife calculated the value of Husband's Leave accumulated from the time of the marriage to the date of Wife's filing the Petition. This evidence was uncontroverted.

In the Final Judgment, the circuit court rejected Wife's position that the court must divide Husband's Leave as a marital asset. In so doing, the circuit court found that the cases cited by Wife, *Dye v. Dye*, 17 So. 3d 1278 (Fla. 2d DCA 2009), and *Guillen v. Guillen*, 751 So. 2d 1270 (Fla. 3d DCA 2000), were distinguishable and unpersuasive. The circuit court noted that *Guillen* did not consider the trial court's monetization and inclusion of the leave in the distribution of marital assets because the appellant had failed to preserve the issue. The circuit court read *Dye* to say it was discretionary for the trial court to monetize and include leave balances in the distribution of marital assets.[2] Additionally, the circuit court noted that both *Guillen* and *Dye* involved long marriages where the majority, if not all, of the included leave amounts accrued during the course of the marriages.[3] Thus, the circuit court held it would be "erroneous and inequitable" to include Husband's Leave in the distribution scheme and declined to do so. This was error.

Section 61.075, Florida Statutes (2024), governs the equitable distribution of marital assets and liabilities. Under section 61.075(6)(a)1.a., "[m]arital assets" include "[a]ssets acquired ... during the marriage, individually by either spouse[.]" "Asset" has been defined as "an item that is owned and has value." Asset, Black's Law Dictionary (12th ed. 2024).

---

[2] The circuit court misreads *Dye*. In *Dye*, neither party disputed that the husband's accrued vacation leave and sick leave were assets. Rather, the parties argued for different valuations of those assets. The *Dye* court found the trial court had discretion in how to equitably distribute those assets. Here, whether the vacation and sick leave was an asset at all is a question of law that was not at issue in *Dye*.

[3] This is immaterial to the threshold determination of whether Husband's Leave was an asset under section 61.075.

4

Here, Husband's Leave meets the definition of an asset under section 61.075. Pursuant to the collective bargaining agreement, Husband accrues leave during the course of his employment, and he will be paid for the value of that leave remaining at the time he leaves the employer. The monetary value of the leave can be calculated pursuant to the methodology set forth in the collective bargaining agreement. Accordingly, any sick leave, vacation leave, holiday time, and compensatory time accrued by Husband from the date of the marriage to the date of the filing of the Petition is a marital asset. *See Dye*, 17 So. 3d at 1281 ("[W]here, as in this case, there is such a contractual payout provision, the cash value of unused sick leave and vacation time is a marital asset subject to equitable distribution.") (citing *King v. King*, 719 So. 2d 920, 922–23 (Fla. 5th DCA 1998)); *see also Purpura v. Kelly*, 913 So. 2d 110, 110 (Fla. 1st DCA 2005) ("The trial court erred in failing to treat the entire amount of the appellee's accrued leave hours as a marital asset subject to distribution.").

Thus, the circuit court erred in holding Husband's Leave was not a marital asset subject to the equitable distribution scheme. We remand for the circuit court to include Husband's Leave as a marital asset in the equitable distribution scheme. We leave to the circuit court's discretion the valuation and payment date of this asset. *See Guillen*, 751 So. 2d at 1272; *Purpura*, 913 So. 2d at 111 (Kahn, C.J., concurring in part and dissenting in part).

## IV.    CONCLUSION

The circuit court erred in three respects by: (1) miscalculating Husband's ability to pay alimony, due to a mathematical error in Husband's financial affidavit; (2) using the wrong date when determining marital liabilities; and (3) failing to recognize that Husband's Leave was a marital asset. For the foregoing reasons, we reverse and remand with instructions.

*Reversed and remanded with instructions.*

KUNTZ, C.J., and CIKLIN, J., concur.

*          *          *

***Not final until disposition of timely-filed motion for rehearing.***