691 So.2d 2 (1996)
Peter SWARTZ, Appellant,
v.
Francene A. SWARTZ, Appellee.
No. 96-2537.
District Court of Appeal of Florida, Third District.
November 6, 1996.
Markus & Winter and Robert O. Schwarz, Miami, for appellant.
Gerald I. Kornreich, Miami, for appellee.
Before COPE, LEVY and SHEVIN, JJ.

*3 On Motion for Temporary Appellate Attorney's Fees

COPE, Judge.
Appellee wife Francene A. Swartz has filed in this Court a motion for interim appellate attorney's fees in order to defend the appeal of appellant husband Peter Swartz of interim orders entered in a dissolution of marriage action. We deny the motion without prejudice to the wife to refile this motion in the trial court.
As amended in 1994, section 61.16, Florida Statutes, provides in part:
61.16 Attorney's fees, suit money, and costs.  
(1) The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including ... appeals..... The trial court shall have continuing jurisdiction to make temporary attorney's fees and costs awards reasonably necessary to prosecute or defend an appeal on the same basis and criteria as though the matter were pending before it at the trial level.

§ 61.16(1), Fla.Stat. (1995) (emphasis added); see also ch. 94-169, § 1, Laws of Fla.
Florida Rule of Appellate Procedure 9.600(c) has been amended to implement this change. The amended rule states, in pertinent part:
RULE 9.600 JURISDICTION OF LOWER TRIBUNAL PENDING REVIEW
....
(c) Dissolution of Marriage Actions.
In dissolution of marriage actions, the lower tribunal shall retain jurisdiction to enter and enforce orders awarding ... temporary attorneys' fees and costs reasonably necessary to prosecute or defend an appeal, or other awards necessary to protect the welfare and rights of any party pending appeal.... The receipt or payment of funds under an order awarding separate maintenance, child support, alimony, attorneys' fees, or costs shall not prejudice the rights of any party.
Fla.R.App.P. 9.600(c) (1996) (emphasis added); see also 1994 Committee Note. The case relied on by the wife, Boyer v. Boyer, 588 So.2d 615 (Fla. 5th DCA 1991), is no longer good law in light of the amendments to the statute and the rule.
We therefore deny the motion for temporary appellate attorney's fees, without prejudice to the wife to refile the motion in the trial court.
Denied without prejudice.