846 So.2d 1221 (2003)
Michelle C. PHILLIPS, Appellant,
v.
FLORIDA COMMISSION ON HUMAN RELATIONS, Appellee.
No. 5D02-2094.
District Court of Appeal of Florida, Fifth District.
June 6, 2003.
Edward R. Gay, Orlando, for Appellant.
Richard A. DuRose, John R. Hamilton and Dawn Wilnau of Foley & Lardner, Orlando, for Appellee, Orange Lake County Club Realty, Inc.
No Appearance for Appellee, Florida Commission on Human Relations.

ON MOTION FOR ATTORNEY'S FEES
PLEUS, J.
Michelle Phillips ("Phillips") filed her initial grievance for employment discrimination under the Florida Civil Rights Act. The Florida Commission on Human Relations ("Commission") found no cause. Phillips asked for a hearing and the Administrative Law Judge found no merit to her claim. That decision was affirmed per curiam by this court.
Her former employer, Orange Lake Country Club Realty, Inc., has moved for appellate attorney's fees pursuant to section 760.11(13), Florida Statutes. There is no issue on entitlement to fees. Under Florida Rule of Appellate Procedure 9.400(b), we have authority to set the amount of reasonable attorney's fees. By order, we requested affidavits relative to the motion.
Orange Lake filed two attorney affidavits in support of its motion. As well, counsel for Orange Lake filed a computer print out of its time records. The attorney affidavits opine that based on the time sheets, Orange Lake is entitled to appellate attorney's fees of $24,667, plus $1,500 more for preparation of the two affidavits supporting the motion.
Phillips filed a counter affidavit signed by a highly respected appellate specialist. In her affidavit, Marcia K. Lippincott states that she has reviewed the time sheets submitted by Orange Lake. She believes 35 hours is more appropriate versus the 94.4 hours shown on the computer printout. We agree.
As Ms. Lippincott notes, the application for fees should be limited to services rendered for the appeal to this court. Much of the facts and law was developed prior to filing the notice of appeal.
In this context, the work of counsel for Orange Lake should be limited to putting the factual findings in the appellate brief format with some additional legal research. It was noted that six of the thirteen cases cited in Orange Lake's answer brief are cases cited in its post-hearing memorandum. It was also pointed out that there was duplication of efforts with several attorneys working on the appeal. Close to six hours were spent on matters that were *1222 unnecessary for one with appellate experience. For example, the time sheets list such items as "research appeals procedures"; "conference ... regarding procedure in appeals"; a meeting to "discuss appellate procedures"; research "requirements of an appellate brief in the Fifth DCA"; and "review citing requirements." Additionally, Ms. Lippincott felt the expenditure of close to 19 hours to prepare for oral argument was unreasonable.
Having considered all those factors listed in Rule 4-1.5(B), Rules of Professional Conduct, Ms. Lippincott considers a reasonable fee in this matter to be $10,500. We agree and enter judgment in favor of Orange Lake and against Michelle C. Phillips in the amount of $10,500 in attorney's fees for which sum let execution issue.
MOTION GRANTED; JUDGMENT ENTERED.
COBB, W., Senior Judge, concurs.
GRIFFIN, J., dissents, with opinion.
GRIFFIN, J., dissenting.
I respectfully dissent because I do not believe that appellant's appeal was frivolous. I am also concerned that assessing fees against a disability discrimination plaintiff under these circumstances will have an undesirable chilling effect on claimants whose claim is of arguable merit.
Here, it is undisputed that the claimant was disabled in that she was afflicted with incurable Hepatitis C. It is undisputed that she was one of the employer's best salespersons. It is also undisputed that she had asked for a modified work week schedule to accommodate her condition, which the employer refused, even though such had been approved for another employee who wanted to do "victim advocacy" work. The only issue was whether claimant was discharged because of her disability or because of unexcused absences due to illness that were not associated with her disability. The hearing officer found as fact that they were not related and that there was "no evidence" of discrimination. However, the evidence showed that her prior termination had expressly been based on her health and that she was treated disparately by the employer. Although she had withdrawn her request for reasonable accommodation in order to regain her job, she contended that such an act done in order to salvage her employment ought not to bar a claim for disability discrimination.