975 So.2d 560 (2008)
Walter J. KASM, Jr., Appellant,
v.
Patricia LYNNEL, f/k/a Patricia Kasm, Appellee.
No. 2D06-3643.
District Court of Appeal of Florida, Second District.
February 13, 2008.
*561 Mark A. Neumaier, Tampa, for Appellant.
Jeanie E. Hanna of Ware Law Group, P.A., Tampa, for Appellee.
ALTENBERND, Judge.
Walter J. Kasm, Jr. (the Husband), appeals a circuit court order awarding temporary attorneys' fees in a dissolution of marriage proceeding. It is the second such nonfinal order that he has appealed. See Fla. R.App. P. 9.130(a)(3)(C)(iii). In Kasm v. Kasm, 933 So.2d 48, 49 n. 1 (Fla. 2d DCA 2006) (Kasm I), this court reluctantly reversed a prior circuit court order requiring the Husband to pay $10,000 of temporary attorneys' fees to the Wife in the pending dissolution action. With equal or perhaps greater reluctance, we reverse this order because it awarded "temporary" attorneys' fees for the first appeal after that appeal had been concluded and without any order from this court authorizing a "final" award of appellate attorneys' fees.
Although Florida Rule of Appellate Procedure 9.600(c)(1) provided the circuit court jurisdiction to consider "temporary attorneys' fees and costs reasonably necessary to prosecute or defend" the appeal, the trial court did not enter the order now on appeal until after the prior appeal was concluded. At that time, it was clear the Wife had not preserved her right to seek appellate fees for the completed appeal by filing a motion with this court for fees pursuant to rule 9.400(b). Although rule 9.600(c)(1) is undoubtedly an invaluable tool in a family law case to ensure that a needy spouse is not disadvantaged while litigation proceeds, this case highlights a procedural difficulty that can arise when a party seeks temporary attorneys' fees for an interlocutory appeal but the circuit court does not have adequate time to address the request during the relatively short duration of that appeal. Under those circumstances, the appellate practitioner *562 would be wise to not only seek temporary fees with the circuit court under rule 9.600(c)(1), but also to preserve the right to appellate fees incurred through the conclusion of the appeal by filing a motion with the appellate court pursuant to rule 9.400(b).

I.
In Kasm I, we reversed the circuit court's award of $10,000 in temporary attorneys' fees to the Wife, entered pursuant to section 61.16(1), Florida Statutes (2005). Those fees were requested based upon the fees the Wife expected to incur before the circuit court in the pending dissolution of marriage action. Although the evidence supported such an award, the court had not made the necessary findings on the amount of fees the Wife was reasonably expected to incur. Id. at 50. It is note-worthy that the order on appeal in this case is not an order in response to our mandate in Kasm I. From our limited record, it appears that the circuit court has not yet addressed the issues remaining on remand from the first appeal.
The order that the Husband now seeks this court to review is an award of additional temporary attorneys' fees to the Wife in the amount of $20,000. A comprehensive rendition of the tortured history by which this order was entered is unnecessary to resolve the issue now presented. Simply speaking, while the Husband's appeal of the first award of $10,000 in temporary attorneys' fees was pending, the Wife filed a new motion for temporary attorneys' fees with the circuit court. She sought both fees that she had incurred or expected to incur in the then-pending appeal, and additional fees that had been incurred or were expected to be incurred in the ongoing dissolution action. As authority for these awards, the Wife cited section 61.16(1) and rule 9.400(b). The Wife, however, never filed a motion for appellate attorneys' fees in the appellate proceeding pending in this court pursuant to rule 9.400(b). This is true, even though the Husband objected to the temporary appellate fees on that basis at a time when the Wife may have been able to remedy the problem.
By the time the Wife's motion was first heard in the circuit court, all of the briefs had been filed in Kasm I and the parties were awaiting a decision. Squabbles over procedure and other matters caused a hearing on temporary attorneys' fees to become three hearings. Before the last hearing was held, this court had already issued its opinion in Kasm I reversing the first award of attorneys' fees.
At each of the three hearings before the circuit court, the Husband's counsel objected to any award of temporary appellate attorneys' fees by the circuit court in the absence of the Wife's timely request for appellate attorneys' fees in this court pursuant to rule 9.400(b). The Wife countered that she was not required to seek temporary appellate attorneys' fees in the appellate court but could proceed solely in the circuit court under section 61.16(1). The circuit court ultimately agreed with the Wife's position.
The order now on appeal concludes that the Wife reasonably incurred $11,950 in appellate attorneys' fees in the first appeal and has incurred or reasonably expects to incur an additional $15,799.03 in temporary attorneys' fees and costs before the circuit court, for a total of $27,749.03. The court gave the Husband credit for $5,049.50, which was apparently the balance remaining from the $10,000 in fees originally ordered and paid by the Husband, although this calculation is not entirely clear from our record. The court then ordered the Husband to pay an additional $20,000 in temporary fees to meet the $22,699.53 that *563 the Wife continued to need. We reverse this order to the extent that it awards appellate attorneys' fees of $11,950. Because numerous fee issues remain to be resolved on remand, however, the trial court may revisit in its entirety the fees incurred to date and reasonably expected to be incurred in the future before the trial court, except for fees incurred in these appeals.

II.
Prior to October 1, 1994, any request for appellate attorneys' fees in a domestic relations case, whether for temporary fees to prosecute or defend the appeal or for "final" fees once the appeal was concluded, had to be directed to the appellate court. See Boyer v. Boyer, 588 So.2d 615 (Fla. 5th DCA 1991), overruled by statute as recognized in Swartz v. Swartz, 691 So.2d 2 (Fla. 3d DCA 1996). In 1994, however, the legislature amended section 61.16(1), to provide: "The trial court shall have continuing jurisdiction to make temporary attorney's fees and costs awards reasonably necessary to prosecute or defend an appeal on the same basis and criteria as though the matter were pending before it at the trial level." Ch. 94-169, § 1, at 1039, Laws of Fla.
In turn, the Florida Supreme Court amended rule 9.600(c) to provide: "In dissolution of marriage actions the lower tribunal shall retain jurisdiction to enter and enforce orders awarding . . . temporary attorneys' fees and costs reasonably necessary to prosecute or defend an appeal, or other awards necessary to protect the welfare and rights of any party pending appeal." Amendments to Florida Rules of Appellate Procedure 9.140 and 9.600, 657 So.2d 897, 898 (Fla.1995). The text of this rule has been modified slightly but remains substantively the same in rule 9.600(c)(1).
The rule and the statute both expressly refer to "temporary fees" that are "reasonably necessary to prosecute or defend" an appeal. § 61.16(1); Fla. R.App. P. 9.600(c)(1). The rule adds that these awards must be "necessary to protect the welfare and rights of any party pending appeal." Fla. R.App. P. 9.600(c) (emphasis added). Importantly, although the trial court has continuing jurisdiction to consider these claims pending appeal, the appellate court retains a supervisory role because it reviews any such order by motion filed in the pending appeal. See Fla. R.App. P. 9.600(c)(3).
In this case, the Wife's request for temporary appellate attorneys' fees was not scheduled for hearing until after the work in defending the appeal was completed. Thus, by the time of the first hearing, the fee award was no longer "reasonably necessary" for that work on a temporary basis. See § 61.16(1); Fla. R.App. P. 9.600(c)(1). Moreover, the trial court did not award "temporary" appellate fees until after the appeal was concluded and mandate had issued. Thus, the award was no longer necessary to protect the Wife's welfare "pending appeal." With the appeal concluded and mandate issued, there was no pending appeal in which the Husband could seek review of that order.
We conclude that once an opinion and mandate issued in the appeal, the Wife could not rely on section 61.16(1) or rule 9.600(c)(1) as authorization for the circuit court to enter an award of temporary appellate attorneys' fees. Both the statute and the rule are designed to maintain jurisdiction in the circuit court during the existence of an appeal. Once the appeal is no longer pending, neither the statute nor the rule gives any power to the circuit court to award temporary appellate attorneys' fees. Rather, the entitlement to appellate attorneys' fees after the conclusion *564 of the appeal must have been established by rule 9.400(b).
It is worth repeating our observation in Ghay v. Ghay, 954 So.2d 1186 (Fla. 2d DCA 2007):
[T]emporary support orders are, obviously, temporary. They do not create vested rights, and they can be modified or vacated at any time by the circuit court while the litigation proceeds. See § 61.14(11), Fla. Stat. (2005). If further discovery reveals that a temporary support order is inequitable or based upon improper calculations, any inequity can usually be resolved in the final judgment, after a full and fair opportunity to be heard.
Id. at 1190 (footnote omitted).
The award of temporary fees permitted by section 61.16(1) and rule 9.600(c) permits the circuit court a significant degree of latitude in setting an amount of temporary attorneys' fees in a dissolution to ensure that each spouse will have "a similar ability to obtain competent legal counsel," Rosen v. Rosen, 696 So.2d 697, 699 (Fla.1997). That latitude allows the court to adequately protect the interests of a needy spouse during the litigation, while permitting a final review of the award at the end of the litigation after a full and fair hearing to ensure that the award was equitable given the evolution of the proceedings. For example, the circuit court might anticipate that an appeal of a nonfinal order would require substantially more time and effort than it ultimately consumes. A circuit court might thus enter an extensive award of temporary appellate fees only to have the parties resolve the issue amicably or to have the district court dismiss the appeal for lack of jurisdiction. Such estimating errors can normally be corrected or adjusted by the circuit court when it ultimately resolves all issues in the final judgment of dissolution.
An order awarding temporary attorneys' fees for work in the circuit court, in the absence of an amicable settlement by the parties, is generally followed by a final determination of fees at the end of the litigation, in which the court conclusively resolves the need and ability to pay, reasonable hourly rate, and number of hours reasonably expended. This results in a final, i.e., permanent award of circuit court attorneys' fees that properly accounts for earlier temporary payments and adjusts them if necessary. This final order is entered based upon the party's request in the pleadings for an award of attorneys' fees.
An award of "final" appellate attorneys' fees by the circuit court is not authorized merely by a request for attorneys' fees in the initial petition for dissolution of marriage. In the event of an appeal, the district court must consider the parties' entitlement to appellate fees, but may thereafter remand to the circuit court to provide that court the authority to assess the appropriate amount. See Fla. R.App. P. 9.400(b); Rados v. Rados, 791 So.2d 1130, 1131 (Fla. 2d DCA 2001). If the case is remanded, the circuit court effectively acts as a commissioner of the appellate court to resolve the factual issues presented by such a motion. Cf. Phillips v. Fla. Comm'n on Human Relations, 846 So.2d 1221 (Fla. 5th DCA 2003) (providing an example of the appellate court assessing fees without remanding the cause to the lower tribunal). Generally speaking, the circuit court cannot award attorneys' fees at the conclusion of litigation for services rendered in an earlier appeal without authorization from an appellate court. Foley v. Fleet, 652 So.2d 962, 963 (Fla. 4th DCA *565 1995).[1]
Because the Wife did not obtain either a timely award of temporary fees in the trial court or file a motion in this court seeking fees in Kasm I, the circuit court's order cannot be affirmed. Unfortunately, the Wife simply has not preserved or perfected her right to receive any attorneys' fees for work performed in connection with Kasm I. Likewise, the Wife has not filed a motion pursuant to rule 9.400(b) for attorneys' fees in this proceeding.
Notably, the Husband has filed a timely motion for appellate attorneys' fees in this appeal pursuant to section 61.16(1) and rule 9.400(b). Although we are often cautious and remand such matters to the trial court to develop the evidence of need and ability to pay, our record provides more information on this subject than normal. There is nothing to support the Husband's assertion that the Wife has any ability to pay his attorneys' fees or that he has a need for these fees. We are not inclined to encourage further litigation between these parties or to be the cause of additional attorneys' fees in a continuing fight over attorneys' fees. Accordingly, the Husband's motion is denied.

III.
Both parties, having now spent over $50,000 in attorneys' fees, appear no closer to resolving the financial issues remaining from their childless, ten-year marriage. The symptoms of Wrona's[2] disease appear in the record. In hopes of treating these symptoms before they become a full-blown illness that could devastate this couple financially, we remand with a more detailed mandate than usual.
On remand, the parties should schedule a hearing with sufficient time to address the remaining issues related to temporary attorneys' fees  those that may still remain from our mandate in Kasm I and those now existing based on our opinion here. The Wife's counsel should file an affidavit regarding the fees the Wife has incurred to date, excluding any fees incurred for the initial appeal or this appeal. The Wife may then again estimate the amount of fees she reasonably expects to incur in the continued proceedings. The circuit court has already determined that the hourly rates of $295 and $195 charged by the Wife's counsel and her associate are reasonable, a finding the Husband has not challenged and we do not disturb. The court should examine the affidavit submitted by counsel, subject to limited examination and cross-examination regarding the details of that affidavit, to determine the reasonable amount of attorneys' fees incurred and expected to be incurred for the Wife in the circuit court.
Once these calculations are made, the court must address the Wife's continued need and the Husband's continued ability to pay. If the parties are unable to proffer evidence that their financial situations have significantly changed for reasons beyond their control  and it appears unlikely *566 that they will be able to proffer such evidence  the court may rely on its past findings in this regard. Insignificant or voluntary changes by the parties should not expand this inquiry into a de novo multiday hearing on this issue. With respect to the Husband's ability to pay fees, we note any amount of fees the Husband has already paid should be credited to him and should certainly be immune from the argument that he was somehow unable to pay them. If the Wife seeks substantially more fees than the amount already ordered or paid, however, a further assessment may need to be made of the Husband's ability to pay that amount.
We emphasize once more that although this court requires somewhat detailed findings supporting temporary awards of attorneys' fees as it relates to the amount of fees reasonably incurred or expected, an award that makes the proper findings based upon competent, substantial evidence is not easily reversed. See Ghay, 954 So.2d at 1190 ("If the circuit court issues an order that comports with the evidence presented at the temporary hearing and provides a reasonable temporary resolution of the family's needs in light of their apparent resources, we are unlikely to find any reversible error in the temporary award.").
Reversed in part, affirmed in part, and remanded with instructions.
SALCINES and KELLY, JJ., Concur.
NOTES
[1] We need not address in this case whether a party who properly obtained temporary appellate attorneys' fees pursuant to rule 9.600(c) but did not thereafter secure entitlement to "final" appellate fees by filing a motion with the appellate court pursuant to rule 9.400(b) might "lose" the fees in the circuit court's final accounting for fees. As noted above, a practitioner seeking temporary appellate fees might be wise to avoid this issue by not only seeking the award by motion directed to the circuit court as permitted under rule 9.600(c) but also by securing entitlement to "final" appellate fees by filing a motion with the appellate court pursuant to rule 9.400(b).
[2] Wrona v. Wrona, 592 So.2d 694, 696-97 (Fla. 2d DCA 1991); see also Bogos v. Bogos, 821 So.2d 383, 384 n. 1 (Fla. 2d DCA 2002).