DAVIS, Judge.
 

 Gregory George (the Husband) challenges the trial court’s interlocutory order granting his continuance and awarding Tammy George (the Wife) temporary support in the amount of $1500 per month.
 

 After filing her motion for temporary support and other relief in the pending dissolution action below, the Wife served an amended notice that a hearing on the motion was set for May 28, 2008.
 
 [1]
 
 The Husband then filed a motion for continuance two business days before the hearing. Although the record before us does not include a transcript of that hearing, pursuant to Florida Rule of Appellate Procedure 9.200(a)(4), the parties have filed with this court a statement of the proceedings that has been approved by the trial court. According to that statement, both parties were present at the hearing with counsel, and the court first addressed the Husband’s motion for continuance. Although “[t]he parties were not given the opportunity to present testimony to the Court,” counsel for the Wife did hand the judge a document entitled “Tammy George’s Minimum Estimated Monthly Expenses,” and the Wife’s financial affidavit already was on file with the court. The trial court then “ruled that the Husband’s Motion for Continuance would be granted provided the Husband paid to the Wife the sum of [$1500] per month support, without prejudice and to be revisited after hearing the Wife’s Motion for Temporary Support.” Finally, the statement of the proceedings provides that “[t]he Husband’s counsel told the Court that he did not like the Court’s ruling, but accepted the same as a condition of the continuance being granted.”
 

 The court later reduced the temporary award to writing in an order that acknowledged that the court had not heard evidence on the issue of temporary support.
 

 On appeal, the Husband argues that the trial court erred in granting temporary
 
 *910
 
 relief without any evidentiary basis to make such an award. The Wife responds that at the hearing the Husband agreed to pay the temporary support in exchange for the continuance and that as such he has waived his right to challenge the award on appeal. We agree.
 

 We initially note that the Husband is correct that “temporary alimony awards must be supported by competent, substantial evidence that demonstrates the need for support and the paying spouse’s ability to pay.”
 
 Driscoll v. Driscoll,
 
 915 So.2d 771, 773 (Fla. 2d DCA 2005). He is also correct that it is undisputed in this case that no such evidence was presented to the trial court. However, from the record before us, it is clear that the Husband agreed to the temporary payments in order to obtain his continuance. We therefore conclude that he has waived the right to raise the issue on appeal.
 
 Cf. Menendez v. Menendez,
 
 435 So.2d 287, 289 (Fla. 5th DCA 1983) (“[T]he former husband contends the award of attorney’s fees to his former wife is erroneous because the lower court made the award without expert testimony regarding the fees. He has waived this objection by having stipulated below to the court determining the award without the necessity of expert testimony.”).
 

 In conclusion, the Husband has failed to meet his burden of establishing that the trial court abused its discretion.
 
 See Driscoll,
 
 915 So.2d at 773 (“Temporary awards of alimony are discretionary.”). As such, we must affirm the trial court’s order.
 

 Affirmed.
 

 WHATLEY, J, and GALLEN, THOMAS M., Associate Senior Judge, Concur.
 

 [1]
 

 . The Husband was served with the amended notice of hearing several months earlier, on January 18, 2008.