ALTENBERND, Judge.
 

 Gregory George appeals a nonfinal order in this pending dissolution proceeding. The order increases Tammy George’s temporary alimony from $2000 to $3786.56 per month because she is undergoing treatment for a serious illness that affects her ability to work. The order is retroactive to March 1, 2009, resulting in an additional payment of $751.37 per month. It also awards temporary attorney’s fees in the amount of $29,450. Mr. George argues that the trial court abused its discretion in making this award and that the award is not supported by competent, substantial evidence. Although the issue is very close and Mr. George will have difficulty making these payments even for the few months that they are likely to be necessary, we affirm the trial court. We encourage the trial court to take all reasonable steps to bring this case to a final hearing because, if this temporary award proves to have been unnecessary or too high, the trial court will have limited options to make an equitable adjustment in the final order.
 

 This case demonstrates many of the symptoms of a dissolution proceeding suffering from Wrona’s disease.
 
 See Kasim, v. Lynnel,
 
 975 So.2d 560, 565 n. 2 (Fla. 2d DCA 2008) (citing
 
 Wrona v. Wrona,
 
 592 So.2d 694, 696-97 (Fla. 2d DCA 1991)). The dissolution proceeding between Mr. and Mrs. George has been pending in circuit court for less than two years. In that time, this is the third appellate proceeding.
 
 [1]
 
 Mr. George has also filed a bankruptcy petition that has delayed payment of an earlier award of temporary attorney’s fees.
 

 Because this appeal is pending from a nonfinal order, our record is limited to an appendix. We do not have the majority of the pleadings in our record, and we do not know the length of the marriage or the age of the parties. We know that Mr. George is a pharmacist earning in excess of $100,000 per year. Mrs. George has or had a clerical job earning less than $21,000. The record does not suggest that this case involves any minor children. The primary asset to escape Mr. George’s bankruptcy was a $95,000 retirement ac
 
 *653
 
 count.
 
 [2]
 
 The record suggests Mr. George has withdrawn from that account without permission from the trial court, paying his grandmother $24,000 for an outstanding debt from 1987 that apparently was not discharged in the bankruptcy. In this court’s record, he does not, or cannot, account for the remaining $71,000 that was withdrawn from the retirement account.
 

 Mr. George has relocated to Georgia where he has rented a three-bedroom home for himself and his unemployed girlfriend. The additional bedrooms are needed to allow the girlfriend’s children from a prior marriage to visit. He pays $2200 in rent.
 

 Meanwhile, Mrs. George has rented a $1600 per month apartment where she lives alone. She is spending nearly $700 per month for psychological counseling and another $200 per month for grooming. Because her husband changed jobs when he moved to Georgia, she now is paying for COBRA medical insurance coverage. In January 2009, she was diagnosed with a serious illness. She expected that she would be required to undergo a series of treatments that would prevent her from working at least for a period of time.
 

 When Mrs. George discovered her medical condition, she filed an emergency motion to increase her temporary support. The court conducted a hearing on the motion on March 25, 2009. Mr. George did not, or could not, attend the hearing tele-phonically. Mrs. George attended the hearing telephonieally because she was involved in training at work that could not be postponed. The two lawyers attended the hearing in person. Animosity between the lawyers is evident even from the transcript of the hearing. The trial court did its best to maintain decorum and receive evidence over the telephone to permit a resolution of the emergency motion.
 

 Assuming that events have played out over the last eight months as predicted at this hearing, Mrs. George has been required to take a temporary leave of absence from her employment, and that leave of absence should have come, or will soon be coming, to an end. If her treatment has been successful, it is likely that the temporary alimony could be reduced to a lesser amount for a short period before this case is resolved at final hearing. If Mrs. George was not required to take a leave of absence or her earnings and expense projections for the last few months were in error, the trial court can consider these matters at the final hearing.
 

 Our explanation for this affirmance has already been provided in
 
 Ghay v. Ghay,
 
 954 So.2d 1186, 1189-90 (Fla. 2d DCA 2007):
 

 A temporary support order is often required at the beginning of the dissolution action, before the parties have had an opportunity to complete discovery. Given the urgency of some of these matters, the order is often based upon an abbreviated hearing and limited evidence. Temporary support issues cannot always await full discovery or the preparation of an expert’s opinion.
 

 In addition, temporary support orders are, obviously, temporary. They do not create vested rights, and they can be modified or vacated at any time by the circuit court while the litigation proceeds. If further discovery reveals that a temporary support order is inequitable or based upon improper calculations, any inequity can usually be resolved in
 
 *654
 
 the final judgment, after a full and fair opportunity to be heard.
 

 (Internal quotations and citations omitted.)
 

 As we did in the last two appellate proceedings, we remand Mrs. George’s motion for attorney’s fees. If she establishes her entitlement pursuant to section 61.16, Florida Statutes (2008), the trial court is authorized to award her all or a portion of the reasonable appellate attorney’s fees. The merit of the respective positions of the parties in this appeal is not a factor that the trial court need consider.
 
 See Rados v. Rados,
 
 791 So.2d 1130 (Fla. 2d DCA 2001).
 

 Affirmed.
 

 WHATLEY and LaROSE, JJ., Concur.
 

 [1]
 

 .
 
 George v. George,
 
 13 So.3d 473 (Fla. 2d DCA 2009);
 
 George v. George,
 
 12 So.3d 909 (Fla. 2d DCA 2009);
 

 [2]
 

 . His financial affidavit claims it is a $45,000 account, but that number is apparently incorrect.