GUNTHER, Judge.
Donald A. Duncan, (Donald) appeals an award of temporary attorney’s fees and costs in favor of counsel for Nadine Doreen Duncan (Nadine). We reverse.
At the conclusion of the hearing on Nadine’s motion for temporary attorney’s fees and costs, the trial court stated:
[T]he evidence has showed here that there is an ability to pay and a need, as well, and the Court shall award a temporary attorney’s fees together with costs money. The Court will reserve as to the issue as to the exact number of hours and the reasonableness of the hourly rate.
(emphasis added)
Shortly thereafter, the trial judge signed a proposed order awarding Nadine’s counsel temporary attorney’s fees and costs, but reserved ruling on the issue of their reasonableness. The order entered by the trial court states, in pertinent part:
5. The Court finds that the amount of temporary fees and costs needed by the wife to equalize representation are as follows:
A. Fees accrued to date in the amount of $16,000.00 plus costs incurred to date of $731.89. The reasonableness of the same to be determined at final hearing.
B. Prospective fees in the amount of $5000.00. The husband shall pay the accrued fees and costs to [Nadine’s counsel] forthwith the signing of this order.
The sentence, “The reasonableness of the same to be determined at final hearing,” was inserted by the trial judge in his own handwriting. Thus, clearly the trial court reserved ruling on the reasonableness of the temporary attorney’s fees and costs until a later hearing at which Donald would be given an opportunity to contest their reasonableness.
Subsequently, counsel for Nadine filed a motion to reduce to final judgment the attorney’s fees and costs previously awarded to him. The trial court, without notice or an additional hearing, entered final judgment in favor of Nadine’s counsel in the amount of $16,000.00 for attorney’s fees and $731.89 for costs.
Section 61.16, Florida Statutes (1993), expressly mandates that any attorney’s fees and costs to be paid must be reasonable:
The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney’s fees, suit money, or costs, whether temporary or otherwise ... (emphasis added)
The purpose of section 61.16, Florida Statutes (1993), which authorizes interim awards of suit money, is to “ensure that both parties to a dissolution proceeding have similar ability to secure competent legal counsel” and can thus fight the action on a nearly equal footing. Nichols v. Nichols, 519 So.2d 620 (Fla.1988), quoted in Robbie v. Robbie, 591 So.2d 1006, 1009 (Fla. 4th DCA 1991). As such, the appropriate inquiry is whether one spouse has a need for suit money and the other has the ability to pay. Armstrong v. Armstrong, 623 So.2d 1216 (Fla. 4th DCA 1993); Robbie, 591 So.2d at 1009.
This inquiry, however, does not dispense with the statutory requirement that the trial court determine the reasonableness of any attorney’s fees and costs prior to ordering a party to pay them. In Robbie, because the reasonableness of temporary attorney’s fees and costs was not an issue, this court’s opinion focused on the trial court’s obligation to determine whether one spouse *1169 has a need for suit money and the other has the ability to pay before awarding temporary attorney’s fees and costs. However, it is implicit in the opinion that reasonableness is a necessary factor to be considered by a trial court before ordering a party to pay any attorney’s fees and costs. Therefore, Robbie cannot be interpreted as dispensing with the statutory requirement that a trial court determine the reasonableness of temporary attorney’s fees and costs before ordering them paid.
Thus, we conclude that the case law and section 61.16, Florida Statutes (1993), require that the trial court not only determine that one spouse has a need for suit money and the other has the ability to pay, but also that the temporary attorney’s fees and costs awarded are reasonable.
In the instant case, the trial court erroneously awarded temporary attorney’s fees and costs without determining that the amounts sought were reasonable and without giving Donald an opportunity to challenge their reasonableness. Accordingly, we reverse and remand with directions to the trial court to conduct a noticed hearing on the reasonable value of the attorney’s services rendered and the costs incurred.
REVERSED AND REMANDED.
GLICKSTEIN and STONE, JJ., concur.