656 So.2d 485 (1994)
Robert C. SAFFORD, Appellant,
v.
Katherine SAFFORD, Appellee.
No. 94-01066.
District Court of Appeal of Florida, Second District.
December 14, 1994.
Marie Tomassi of Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, P.A., Tampa, for appellant.
Jane L. Estreicher of Hastings & Estreicher, P.A., and Allen P. Allweiss of Allweiss & Allweiss, P.A., and Myron J. Mensh of Mensh, Walker, Harrington, MacIntosh & Runyon, P.A., St. Petersburg, for appellee.
RYDER, Acting Chief Judge.
Robert C. Safford, the husband, raises two issues in his appeal from the trial court's nonfinal order granting temporary alimony, attorney's fees and costs in this dissolution of marriage action. We affirm the order with respect to temporary alimony, but we find merit to the husband's argument that the trial court erroneously awarded temporary attorney's fees and costs without determining that the amounts sought were reasonable.
Section 61.16(1), Florida Statutes (1993), allows a court to "order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding" under Chapter 61. The "appropriate inquiry and standard to be applied is the same whether the fees requested are temporary or final." Nichols v. Nichols, 519 So.2d 620, 622 (Fla. 1988). The trial court must "not only determine that one spouse has a need for suit money and the other has the ability to pay, but also that the temporary attorney's fees and costs awarded are reasonable." Duncan v. Duncan, 642 So.2d 1167 (Fla. 4th DCA 1994).
*486 Here, no testimony was taken on the issue of temporary attorney's fees. A one-page bill from the wife's counsel totaling $125,000.00 was the only evidence offered on the issue. The bill did not contain information regarding anticipated work to be done or hourly billing rates.
The wife argued to the trial court and contends on appeal that the change in section 61.16, effective October 1, 1993, obviated the need for any testimony regarding the reasonableness of attorney's fees sought under the statute. The change added the following to section 61.16: "An application for attorney's fees, suit money, or costs, whether temporary or otherwise, shall not require corroborating expert testimony in order to support an award under this chapter." We conclude, however, that this change did not alter the burden of the party seeking fees to prove with evidence their reasonableness and necessity of the fees sought.
We, therefore, affirm the award of temporary alimony, reverse the award of temporary attorney's fees and costs and remand for further proceedings consistent with this opinion.
PATTERSON and QUINCE, JJ., concur.