691 So.2d 1199 (1997)
Lori MILOPOULOS, Appellant,
v.
Gregory MILOPOULOS, Appellee.
No. 96-0398.
District Court of Appeal of Florida, Fourth District.
April 23, 1997.
Harry Tempkins, Miami Beach, for appellant.
No appearance for appellee.
KLEIN, Judge.
Appellant contends that the trial court erred in a post-dissolution order requiring her to pay past and future child support. We find merit in her argument regarding retroactive child support.
The parties' marriage was dissolved in 1987, and the judgment incorporated a settlement agreement which gave primary physical custody to the father, with no requirement for the mother to pay child support. The mother's parental rights were subsequently suspended as a result of emotional problems and drug dependency, and she was incarcerated for crimes relating to her drug dependency for approximately nine months.
In August 1988, the father had petitioned the court to establish child support, alleging that the wife then had the ability to pay, but did not seek any further relief in regard to the petition at that time. In the meantime, the mother had obtained some visitation with the children, and when, in December 1994, she requested increased visitation, the father cross-petitioned for retroactive child support back to August 1988.
The court entered a temporary child support order requiring the mother to pay $50 a week, which it ultimately increased to $75 a week. The court also found that she owed an "arrearage" of $63,802 for child support from August 1988, and entered a judgment *1200 against the mother in that amount. There was evidence that the mother worked sporadically, from the time the marriage was dissolved, as either a waitress or a bartender. Apparently, based on the father's testimony that when she did work she earned about $100 a night, the court imputed net income to the mother of $1,600 a month through 1993 and $1,700 a month thereafter.
The court referred to the past child support in the judgment as an arrearage. The fact that the court required the mother to pay retroactive child support during the time that she was incarcerated would tend to confirm that the court failed to recognize that this action was not for arrearages, but rather for retroactive support.
The distinction is significant. Unpaid child support accruing from an order requiring payment, an arrearage, is a vested right, not subject to modification. Puglia v. Puglia, 600 So.2d 484 (Fla. 3d DCA 1992) and cases cited therein. Making a present award of child support retroactive, however, is discretionary with the trial court. Butler v. Brewster, 629 So.2d 1092 (Fla. 4th DCA 1994). Evidence of ability to pay at the time the petition for modification is filed is necessary. See Anderson v. Anderson, 609 So.2d 87 (Fla. 1st DCA 1992).
The evidence in the present case is inadequate to support the income imputed from the filing of the petition which resulted in the judgment for $63,802. We leave it up to the trial court to determine, on remand, whether there should be any retroactive child support, in light of the laches defense raised by the mother. See Fowhand v. Piper, 611 So.2d 1308 (Fla. 1st DCA 1992) and cases cited therein.
We address one other issue, which is whether the court erred in requiring the mother to pay her share of after-school child care expenses incurred by the father. The father has remarried and his wife does not work. He testified that the children's mother has alienated them from his present wife so that they have become a "nightmare" for her. They have no respect for her, abuse her until he comes home from work, and she cannot handle them.
The mother argues that these circumstances do not meet the requirements of section 61.30(7), Florida Statutes (1993), which provides:
Child care costs incurred on behalf of the children due to employment, job search, or education calculated to result in employment or to enhance income of current employment of either parent shall be reduced by 25 percent and then shall be added to the basic obligation....
If the father had not remarried, the statute would clearly authorize these child care costs because they would be due to his employment. The fact that he is remarried to a wife who cannot, for whatever reason, take care of the children until he comes home from work, does not compel a different result. The bottom line is that this child care would not be necessary if the husband were not employed. It was therefore within the trial court's discretion to find that the child care costs were "due to employment," as contemplated by the statute.
We have considered the mother's other arguments and find them to be without merit. We therefore affirm the judgment in all respects except for that portion awarding retroactive child support, which we remand for further proceedings.
PARIENTE and SHAHOOD, JJ., concur.