PER CURIAM.
Mark Vincent Konieki appeals a final judgment of dissolution, contending the trial court abused its discretion in awarding child support and attorneys’ fees to Susan Kelly Konieki. He also maintains that the trial court erred when it reserved jurisdiction to award future medical expenses to Ms. Kon-icki. Ms. Konieki cross-appeals the attorneys’ fee award, contending that she was entitled to payment of all of her fees, rather than the eighty percent awarded by the trial court.
The trial court erred in awarding attorneys’ fees to Ms. Konieki without conducting a hearing to determine the reasonableness of the fees incurred and owed. See Safford v. Safford, 656 So.2d 485 (Fla. 2d DCA 1994). Accordingly, we reverse that award and remand for a hearing on the issue of the attorneys’ fees. Although we find no abuse of discretion in this limited record concerning the trial court’s decision to award only eighty percent of the fees incurred, the trial court may adjust the percentage on remand if the evidence so warrants.
Finally, the trial court should have resolved the issue of future medical expenses prior to entering a final judgment. It is not appropriate to reserve isolated economic issues for resolution at a date after entry of a final judgment merely because the evidence at the final hearing is incomplete. Generally, if the court needs additional evidence to resolve such an issue, the final judgment should be deferred until the evidence has been presented. In light of the circumstances in this case, we authorize the trial court to determine whether Ms. Konieki is entitled to contribution from Mr. Konieki for future medical expenses. The trial court may require further medical testing and diagnosis to reach this determination.
*98 Affirmed in part, reversed in part, and remanded with directions.
THREAJDGILL, C.J., and ALTENBERND and BLUE, JJ., concur.