PER CURIAM.
The father challenges an order of child support awarded to the mother, claiming that the evidence did not support an award of retroactive child support or the amount of income imputed to the father. We agree and reverse.
This action commenced as a paternity suit. The mother and father had lived together until the child was several months old. During that time, the father cared for the child while the mother attended school or worked. When the child was nine months of age the mother moved herself and the child out of state. She then commenced a paternity action against the father seeking child support.
After conducting an evidentiary hearing, the trial court found that the father did not contribute to the care of the minor child while the parties resided together and awarded child support retroactive to the date of the child’s birth. The court also imputed income to the father in the amount of $4,500 per month based on his voluntary unemployment and his previous position as a college professor. The father appeals this order.
A trial court’s findings regarding imputation of income must be supported by substantial competent evidence. See Burkhardt v. Bass, 711 So.2d 158, 160 (Fla. 4th DCA 1998). At trial, the amount of the father’s previous earnings was hotly contested. The father testified that he had earned at most $409 per month as a college professor. The mother provided an exhibit which indicated that the father’s imputed monthly income amounted to $866. In addition, she alleged that he taught three classes per semester at $1,500 per class, totaling $4,500 per semester. However, there was no evidence in the record to support the trial court’s imputation of $4,500 in income per month. As a result, we reverse and remand this issue for reconsideration of the amount of income imputed to the father.
The father also contends that the trial court erred in awarding child support retroactive to the date of the minor child’s birth. “[T]he [trial] court has discretion to award child support retroactive to the date when the parents did not reside together in the same household with the child.” § 61.30(17), Fla. Stat. (1997); see also Milopoulos v. Milopoulos, 691 So.2d 1199, 1200 (Fla. 4th DCA 1997). Despite the trial court’s finding that the father never supported the minor child financially, the parties lived together for approximately nine months after the child was born. There was also testimony that the father cared for the child while the couple lived together so that the mother could work or attend school. In addition, there was no evidence regarding who paid the rent or other household expenses. Thus, the trial court abused its discretion in ordering child support retroactive to the date of the child’s birth. We therefore reverse and remand for a determination of retroactive child support only to the time of separation of the parties.
The remaining points on appeal we affirm without further discussion.
Affirmed in part; reversed in part and remanded for further proceedings consistent with this opinion.
STONE, C.J., GUNTHER and WARNER, JJ., concur.