729 So.2d 506 (1999)
Patricia J. WILCOX, Appellant,
v.
Sylvan Ray WILCOX, Appellee.
No. 98-00053.
District Court of Appeal of Florida, Second District.
April 7, 1999.
*507 Alison B. Copley, Sebring, and Cynthia L. Greene, Miami, for Appellant.
Sylvan Ray Wilcox, Pro Se.
CASANUEVA, Judge.
Patricia J. Wilcox appeals the final judgment dissolving her marriage to Sylvan Ray Wilcox. She challenges the trial court's equitable distribution of marital property and the award of child support, asserting that the final judgment lacks the requisite specific findings mandated by law. We concur and reverse.
We begin with a review of the equitable distribution plan established by the final judgment. Our legislature has required that in a contested dissolution of marriage action "any distribution of marital assets or marital liabilities shall be supported by factual findings in the judgment." § 61.075(3), Fla. Stat. (1995). The statute requires the trial court to make specific written findings of fact when identifying marital assets, liabilities, non-marital assets, and their respective valuations. The legislative policy to be implemented by this statute is to make clear to the reviewing court and the parties the rationale underlying the distribution of marital assets and liabilities. § 61.075(3)(d). Here the final judgment contains no factual findings as required by section 61.075(3); this is error. See Staton v. Staton, 710 So.2d 744 (Fla. 2d DCA 1998).
Next, we review the child support award. The trial court stated in the final judgment that it deviated from the child support guidelines, finding that the wife voluntarily chose to move to Wisconsin, that the cost of day care in Wisconsin was extreme, and that the parties incurred transportation costs. Section 61.30(1)(a) permits deviation from the child support guidelines in the trial court's discretion when the trial court has considered all relevant factors and has made the necessary specific finding on the record explaining why the guideline amount would be inappropriate. Here, however, the final judgment fails to set forth factual findings concerning the parties' actual incomes or any adjustments to income. This failure prohibits a reviewing court from ascertaining whether the child support award was either within the guideline standard or trial court's discretionary range. See Segall v. Segall, 708 So.2d 983, 988-989 (Fla. 4th DCA 1998). Further, we point out that a parent's voluntary relocation, under certain circumstances, does not constitute a basis for a downward reduction in child support. See Drakulich v. Drakulich, 705 So.2d 665 (Fla. 3d DCA 1998); Chapoteau v. Chapoteau, 659 So.2d 1381 (Fla. 3d DCA 1995).
Accordingly, we reverse the final judgment, except that portion dissolving the marriage of the parties, and remand for the trial court to make the appropriate requisite statutory findings to support its equitable distribution plan and its award of child support.
PARKER, C.J., and WHATLEY, J., Concur.