GREEN, Judge.
The appellant, Martin G. Chestnutt, appeals the trial court’s final judgment of *1288 dissolution of marriage. We note that the record on appeal does not contain a transcript of the final hearing. Therefore, only if an error is apparent on the face of the final judgment will a reversal be required. See Chirino v. Chirino, 710 So.2d 696 (Fla. 2d DCA 1998).
Although the appellant raises several points on appeal, we find only two errors apparent on the face of the final judgment. The appellant first contends that the trial judge erred in failing to make specific findings of fact identifying the parties’ marital and nonmarital assets as required by section 61.075(3), Florida Statutes (1997). The appellee agrees that no such findings were made by the trial court, and therefore, we remand for the trial court to make the proper findings. If the trial court alters the distribution of any assets, all other financial aspects of the judgment must likewise be reviewed. See Mead v. Mead, 726 So.2d 865 (Fla. 1st DCA 1999).
The other deficiency on the face of the judgment pertains to the award of attorney fees to the appellee. There is no specific finding concerning the appellee’s attorney’s hourly rate and the number of hours reasonably expended by him as required by Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985). The record contains the fee affidavit filed by appellee’s attorney; however, the existence of this affidavit does not forego the necessity of a sufficient reference in the final judgment. See Kincart v. Kincart, 572 So.2d 530 (Fla. 2d DCA 1990).
We therefore affirm the final judgment with the aforementioned exceptions and note that in the event the trial court finds it necessary to alter the disposition of marital and nonmarital assets, then all financial considerations must be readdressed.
Affirmed in part; remanded in part.
FULMER, A.C.J., NORTHCUTT, J., Concur.