CAMPBELL, MONTEREY, (Senior) Judge.
Patricia Jacqueline Wilcox (the former wife) appeals from an amended final judgment entered after remand by this court in Wilcox v. Wilcox, 729 So.2d 506 (Fla. 2d DCA 1999). In Wilcox I, we reversed the equitable distribution plan and the award of child support, and remanded for the trial court to make the appropriate requisite statutory findings. On remand, the trial court did not hold an evidentiary hearing but ordered the parties, as a result of a status conference, to submit memoran-da of law and findings of fact regarding the issues before the court on remand. The memorandum submitted on behalf of Sylvan Ray Wilcox (the former husband) was deliberately not served on the former wife. Thereafter, the trial judge corresponded with the parties and advised that he would enter an amended final judgment accepting all of the facts and law as set forth in the former husband’s memorandum. We again reverse and remand for further proceedings.
*565 In the amended final judgment, the trial judge again improperly deviated from the child support guidelines finding, without an evidentiary hearing, (a) that the former wife’s income should be increased by $2,000 per month due to what “her boyfriend contributes to her household expenses”; (b) that the former wife’s day care expense is such that she would have more income if she did not work at all; and (c) that the former husband was paying substantial debts. Imputation of income to the former wife based upon “her boyfriend’s” contributions without evidence that reflects the actual amount contributed is improper. McCall v. McCall, 616 So.2d 607 (Fla. 2d DCA 1993). Likewise, it was improper to base a downward departure from the child support guidelines upon the rationale that if the former wife did not work she would not have day care expenses. Milopoulos v. Milopoulos, 691 So.2d 1199 (Fla. 4th DCA 1997). The amended final judgment also failed to make equitable distribution of the former husband’s pension plan because the trial judge was “unable to assign a value” to the plan because of lack of evidence.
On remand, the trial judge is directed to hold such evidentiary hearings as may be necessary to properly and correctly determine child support and to make equitable distribution of the former husband’s pension plan. In light of the parties’ financial circumstances that may develop as a result of this reversal and remand, the trial judge should reexamine the need for and ability to pay an award of attorney’s fees.
Reversed and remanded.
FULMER, A.C.J. and STRINGER, J., concur.