NORTHCUTT, Judge.
The circuit court dissolved Mr. and Mrs. Walker’s twenty-two year marriage in December 2000. Mrs. Walker challenges many of the financial aspects of the final judgment, including the alimony award, the valuation of a business, and the equitable distribution. We affirm on all issues save one: the court’s finding that loans Mr. Walker received from his business were marital debt for equitable distribution purposes. On that issue we reverse and remand for further proceedings.
Mr. Walker testified that he borrowed between $170,000 and $180,000 from his business to pay litigation expenses and the parties’ living expenses. But he also said that he used the borrowed funds to pay his personal income tax and property taxes. The circuit court made the following findings:
The litigation expenses incurred in this proceeding, and paid by the Husband by taking loans from the business, should be considered as marital expenses subject to equitable distribution for the following reasons:
A. This litigation has been prolonged due to the conduct of the Wife in alienating the minor child.
B. This Court is making an equitable and equal distribution of assets.
C. After equitable distribution and support awards, there will not be a disparity in income between the parties.
D. The Husband does not have the ability to repay the loans to the business.
We also note that on three occasions during the litigation the court entered orders requiring Mr. Walker to pay his wife’s temporary attorney’s fees and costs. These orders were variously entered “without prejudice to either party as to entitlement or reasonableness,” with jurisdiction reserved “to determine whether this advance should be determined to be temporary support to the Wife or assessed against her equitable distribution,” and “without prejudice to the Husband seeking an offset of same in the Court’s final equitable distribution.”
It seems, then, that Mr. Walker put the loan proceeds to a variety of purposes, some of which properly would have been adjusted for in the equitable distribution and some of which would not. For example, to the extent Mr. Walker applied the *365 loan proceeds to his nonmarital property expenses, the loans could not be classified as marital debts for purposes of equitable distribution. Cf. Johnson v. Johnson, 725 So.2d 1209, 1215 (Fla. 3d DCA 1999) (holding that husband’s personal guarantee of debts of corporations that were nonmarital property must be deemed not marital debt).
On the other hand, the loans would be marital insofar as Mr. Walker applied the proceeds to marital debts or property expenses. See Polley v. Polley, 588 So.2d 638, 643 n. 8 (Fla. 3d DCA 1991) (noting that wife’s personal debt incurred to replace roof on marital home is presumed to be marital debt, unless the presumption is overcome); see also Pearce v. Pearce, 626 So.2d 294, 295 (Fla. 5th DCA 1993) (explaining that husband should be compensated for postseparation tax and mortgage payments he made on former wife’s joint interest in their real properties). Also, as contemplated in the temporary orders, Mr. Walker may be entitled to reimbursement for his contributions to Mrs. Walker’s temporary attorney’s fees and costs. As found in the final judgment, Mr. Walker is entitled to an adjustment for litigation expenses he incurred as a result of Mrs. Walker’s misbehavior during the divorce proceedings. See Wrona v. Wrona, 592 So.2d 694, 698 (Fla. 2d DCA 1991) (stating that when parties have expended marital resources on avoidable divorce litigation, the circuit court may adjust the equitable distribution so that the party who caused the depletion bears the economic loss).
The problem here is that we are unable to discern how much of the loan proceeds were applied to which purposes. The trial court made no pertinent findings beyond those quoted above, and the evidence did not adequately identify or quantify the various expenditures. Moreover, insofar as Mr. Walker used the loan proceeds to pay his own litigation expenses, treating the loans as marital effectively awarded him half of those expenses. Yet the trial court took no evidence nor made any findings as to their reasonableness. See Chestnutt v. Chestnutt, 752 So.2d 1287, 1288 (Fla. 2d DCA 2000) (holding that circuit court must make specific findings concerning the attorney hours expended and the reasonableness of fees).
Without such factual findings, we cannot ascertain whether the circuit court abused its discretion in this regard. See Wilcox v. Wilcox, 729 So.2d 506, 507 (Fla. 2d DCA 1999). Accordingly, we reverse and remand with directions to take additional evidence on these points and to reevaluate whether and to what extent the challenged loans are to be treated as marital debts. If the court determines that some or all of the loans must be classified as nonmarital, it must readjust the equitable distribution scheme accordingly. Finally, the court shall support its determinations with written findings of fact. We affirm the final judgment in all other respects.
Affirmed in part; reversed in part and remanded.
BLUE, C.J., and COVINGTON, J., concur.