STRINGER, Judge.
James P. Nault, Jr., the Husband, seeks review of the trial court’s order awarding Su Nault, the Wife, temporary attorney’s fees of $25,000. We conclude that the trial court did not abuse its discretion in making the award and affirm.
At the time of the fee hearing, the Wife’s counsel asserted that she had already paid $15,000 and needed an additional $45,000 for attorney’s fees just to get the case to mediation. The parties had been married approximately two years at the time of separation. They earn substantially similar incomes, but the Husband has a substantial ownership interest in nineteen mobile home parks. Although the Wife conceded that the parks are non-marital property, her counsel asserted that she intends to procure costly appraisals of each of the parks in the course of determining whether there was a marital enhancement of those assets. The trial court awarded the Wife $25,000 in attorney’s fees and required her to pay the remaining $20,000. However, the court asserted that the parties were engaging in gamesmanship and warned the Wife that she could ultimately end up “bearing the impact” of the attorney’s fee award.
We think it would have been more reasonable for the Wife to litigate the legal question of whether there was a marital enhancement of the Husband’s mobile home parks prior to obtaining appraisals of the parks. However, we cannot say that the trial court abused its discretion in awarding the Wife attorney’s fees. We echo the court’s concern regarding the parties’ conduct and note that the court may credit the Husband for his litigation expenses should it ultimately determine that the appraisals were avoidable. See Walker v. Walker, 827 So.2d 363 (Fla. 2d *895 DCA 2002); Wrona v. Wrona, 592 So.2d 694 (Fla. 2d DCA 1991).
Affirmed.
ALTENBERND, C.J., and DAVIS, J., Concur.