933 So.2d 48 (2006)
Walter J. KASM, Jr., Appellant,
v.
Patricia KASM, Appellee.
No. 2D05-3889.
District Court of Appeal of Florida, Second District.
May 19, 2006.
*49 Denise E. Elder of Gerald R. Sage, P.A., Tampa, for Appellant.
Ellen E. Ware and Jeanie E. Hanna of Ellen E. Ware, P.A., Tampa, for Appellee.
SALCINES, Judge.
Walter J. Kasm, Jr. (the Husband), appeals from a nonfinal order granting temporary attorney's fees to Patricia Kasm (the Wife). We affirm, without discussion, the portion of the order which concluded that the Wife is entitled to temporary fees. However, the trial court made no findings whatsoever concerning the reasonableness of the temporary fees awarded, and this court cannot determine from the record before us how the trial court arrived at its determination of the amount awarded. Accordingly, we reverse the portion of the order awarding $10,000 in temporary fees and remand to the trial court for a determination of the reasonable amount of fees to be awarded.[1]
In this appeal, the Husband argues that the trial court was required to determine whether the proposed fees were reasonable but that it failed to do so. Although the Wife's counsel briefly alluded to the difficulty experienced in litigating *50 the case up to the date of the temporary fee hearing, counsel did not otherwise address a specific fee amount which she considered reasonable and did not offer any evidence concerning a reasonable fee amount. The Wife's attorney presented an affidavit which set forth amounts expended through the date of the affidavit as well as an estimate of additional hours to be expended and expenses to be incurred, but the affidavit itself could be read to support an award ranging from far less to far more than the amount actually awarded. Indeed, it is not entirely clear which fees and expenses, expended or projected, were appropriate in this case. The trial court awarded $10,000 without explanation.
"The trial court must `not only determine that one spouse has a need for suit money and the other has the ability to pay, but also that the temporary attorney's fees and costs awarded are reasonable.'" Safford v. Safford, 656 So.2d 485, 486 (Fla. 2d DCA 1994) (quoting Duncan v. Duncan, 642 So.2d 1167 (Fla. 4th DCA 1994)). In the present case, the trial court did not explain how it determined that $10,000 was a reasonable fee, and we cannot determine how it reached that conclusion based on the record before this court. Accordingly, we reverse that portion of the order awarding a specific amount of temporary fees and remand for further proceedings.
Affirmed in part, reversed in part, and remanded.
KELLY, J., Concurs.
ALTENBERND, J., Concurs with opinion.
ALTENBERND, Judge, Concurring.
I concur in this case only because existing precedent seems to require this result. Especially considering the "very broadest discretion" trial judges are afforded when considering temporary awards, see, e.g., Driscoll v. Driscoll, 915 So.2d 771, 772 (Fla. 2d DCA 2005), I would conclude that it appears obvious from our record that a $10,000 temporary attorneys' fee award is not an abuse of discretion.
This matter comes to us as an appeal of a nonfinal order that determines the right to immediate monetary relief in a family law matter. See Fla. R.App. P. 9.130(a)(3)(C)(iii). We have an appendix that includes only a portion of the record. This dissolution proceeding involves a nine-year marriage, apparently between parties who have been previously married. There are no children of this marriage, and the current income of the parties disclosed in the financial affidavits is quite low. The wife has living expenses in excess of $2500 per month and no income. She discloses limited assets. The husband agrees that there are few assets of the marriage but claims nonmarital assets in excess of $400,000. The wife has made a disputed but reasonable claim for alimony. It is obvious that the wife will not be able to afford representation without a temporary award.
The award is supported by an affidavit from the wife's attorneys, disclosing their hourly rates and expected expenses, which certainly do not appear unreasonable. The affidavit, however, does not detail a method to support the $10,000 award in this case.
The trial court's order properly explains that under the holding in Nichols v. Nichols, 519 So.2d 620 (Fla.1988), the process for determining attorneys' fees is the same for both temporary and final awards. That process requires an inquiry into whether one spouse has a need and the other has the ability to pay. Id. at 622. The order in this case appears to have all of the necessary findings, except for a finding on the reasonable hourly rate and *51 the reasonable number of hours the wife's attorney expects to expend.
It seems to me that the process of setting a temporary award of attorneys' fees in a divorce proceeding should not be subjected to the same rigors as a final award. See, e.g., Robbie v. Robbie, 591 So.2d 1006, 1010-11 (Fla. 4th DCA 1991) (Polen, J., concurring in part and dissenting in part) (trial courts should not be required to make detailed findings of fact on temporary attorneys' fees awards); Wallace v. Wallace, 605 So.2d 504, 505 (Fla. 4th DCA 1992) (Polen, J., concurring). At least in a case in which there will be a final award of alimony or a property distribution that could be adjusted in the event that the trial court ultimately decides that the temporary award of fees was excessive, I believe that temporary attorneys' fees should not be treated like a final determination of a monetary award. Unless a trial court expressly states that the award is final and will not be reconsidered in the final judgment, such temporary awards should be treated as only a temporary decision and reviewable in this court only by writ of certiorari.
NOTES
[1] We confess some discomfort in reversing that portion of the order because the amount awarded was not unusually excessive. Furthermore, the trial court enjoys "broad" discretion in making temporary fee determinations which, by their very nature, can be adjusted at a later date by an additional interim award or, in certain circumstances, a credit. See Nault v. Nault, 883 So.2d 894 (Fla. 2d DCA 2004) (citing Walker v. Walker, 827 So.2d 363 (Fla. 2d DCA 2002), and Wrona v. Wrona, 592 So.2d 694 (Fla. 2d DCA 1991)). Nonetheless, in this case we are compelled to reach this result. See Safford v. Safford, 656 So.2d 485, 486 (Fla. 2d DCA 1994).