STRINGER, Judge.
 

 Alex Chhouri, the Husband, seeks review of a temporary relief order granting the Wife, Adoline Chhouri, $10,000 per month in alimony, $1009 per month in child support, and a total of $82,141.75 in temporary attorney’s fees, attorney’s costs, expert fees, and suit money. Because the
 
 *988
 
 court did not abuse its discretion in awarding monthly temporary support of $10,000 in alimony and $1009 in child support, we affirm those awards without further comment. However, the order contains no findings of fact regarding the reasonableness of the attorney’s fees, and the Wife concedes error as to the award of attorney’s costs. Accordingly, we reverse the award of attorney’s fees and attorney’s costs and remand for further consideration and findings.
 

 The Husband argues the trial court erred in awarding the Wife $51,373 in attorney’s fees without making any findings of fact to support the reasonableness of the award. The Husband argued below and on appeal that the Wife’s attorney’s fees invoices reflect excessive and duplica-tive charges.
 

 The party seeking fees must prove with evidence the reasonableness and necessity of the fee sought.
 
 Safford v. Safford,
 
 656 So.2d 485 (Fla. 2d DCA 1994). Despite the very broad discretion granted to the court in awarding temporary support,
 
 Mullins v. Mullins,
 
 799 So.2d 450, 451 (Fla. 4th DCA 2001), we have consistently required that an award of temporary attorney’s fees be accompanied by factual findings regarding reasonableness of the hourly rates and time expended.
 
 Ghay v. Ghay,
 
 954 So.2d 1186 (Fla. 2d DCA 2007);
 
 Kasm v. Kasm,
 
 933 So.2d 48 (Fla. 2d DCA 2006). Because the order in this case lacks the requisite findings, we reverse that portion of the order awarding a specific amount of attorney’s fees and remand for further proceedings regarding reasonableness. We affirm the court’s findings as to need and ability to pay.
 

 In addition to $51,373 in attorney’s fees, the Husband was ordered to pay $10,000 in attorney’s costs, $10,768.75 in accountant fees, and $10,000 in costs to retain a business valuation. The Wife concedes that the award of $10,000 in attorney’s costs is not supported by the evidence, which shows only $8418.97 in attorney’s costs. Accordingly, we reverse and remand that portion of the order as well.
 

 Affirmed in part, reversed in part and remanded.
 

 NORTHCUTT, C.J., and WALLACE, JJ., Concur.