DAVIS, Judge.
 

 George A. Routh (the Husband) challenges the trial court’s nonfinal “Order on Contempt and Temporary Attorney Fees” in the divorce proceedings between himself and Sarah L. Thompson (the Wife).
 
 [1]
 
 Because the trial court’s order does not contain certain required findings of fact, we must reverse and remand for further proceedings.
 

 The Wife filed a Verified Motion for Contempt and Motion for Attorney’s Fees and Costs. Following a hearing on the motion, the trial court entered a written order, requiring the Husband to pay the Wife $1000 a month in temporary attorney’s fees “until the issue of permanent attorney’s fees is determined by the court.”
 

 On appeal, the Husband argues that the trial court erred in failing to make findings regarding the Wife’s need and the Husband’s ability to pay. We agree.
 
 See Safford v. Safford,
 
 656 So.2d 485, 485 (Fla. 2d DCA 1994) (“The trial court must ‘... determine that one spouse has a need for suit money and the other has the ability to pay ....’” (quoting
 
 Duncan v. Duncan,
 
 642 So.2d 1167 (Fla. 4th DCA 1994))).
 

 With regard to need, the court’s order here arguably establishes the Wife’s need by noting that she owes her attorney $60,000 and that the Husband has failed to pay court-ordered temporary alimony. However, concerning the Husband’s ability to pay, the order merely states that “the Husband’s current financial affidavit showed that the Husband has a monthly net income of $4,027.” The court does not specifically find that the Husband has the ability to pay, nor does it even hint at it by spelling out his income sources and monthly expenses. As such, the court’s order is deficient.
 

 We also agree with the Husband’s other argument on appeal — that the trial court’s order is deficient because the trial court failed to make the required findings regarding the reasonableness of the Wife’s attorney’s hourly rate and the number of hours expended. In
 
 Chhouri v. Chhouri, 2
 
 So.3d 987, 988 (Fla. 2d DCA 2008), this court reviewed a temporary attorney’s fee award where “the order contain[ed] no findings of fact regarding the reasonableness of the attorney’s fees.” This court held as follows:
 

 The party seeking fees must prove with evidence the reasonableness and necessity of the fee sought. Despite the very broad discretion granted to the court in awarding temporary support, we have consistently required that an award of temporary attorney’s fees be accompanied by factual findings regarding reasonableness of the hourly rates and time expended. Because the order in this case lacks the requisite findings, we reverse that portion of the order awarding a specific amount of attorney’s fees and remand for further proceedings regarding reasonableness.
 

 Id.
 
 (citations omitted).
 

 Here, with regard to the amount of the award, the trial court’s order merely states: “The Wife has requested that the Court require the Husband to pay temporary fees for her attorney in an amount at least equal to the $1000 per month the
 
 *159
 
 Husband is paying his attorney each month.” Although the order does note that the Wife already owes her attorney $60,000, it says nothing about the reasonableness of this debt and completely fails to address the number of hours expended by the attorney in amassing this debt.
 

 As such, we reverse and remand with instructions that the trial court first address the Wife’s need and the Husband’s ability to pay temporary attorney’s fees. If the court finds that the Wife has the need and the Husband has the ability to pay, it shall conduct further proceedings regarding the reasonableness of the hourly rate charged and the number of hours expended.
 

 Reversed and remanded with instructions.
 

 NORTHCUTT and BLACK, JJ., Concur.
 

 [1]
 

 . Appellee Jamie Routh Cox is a third-party defendant below who is not a part of this appeal.