SILBERMAN, Judge.
Siam Motors, Inc., appeals a final judgment in its action for damages against Daniel P. Spivey that arose from repairs Siam Motors made to Spivey’s 1976 Mercedes-Benz in late 2001 and early 2002. Siam Motors contends that the trial court erred in denying its motion in limine that sought to prevent Spivey from offering any evidence at trial because he did not comply with section 559.917(4), Florida Statutes (2001), by posting a cash or surety bond. This point has no merit, as explained below. Siam Motors also contends that Spi-vey waived a written estimate. We agree and reverse the court’s final judgment to the extent it determined that Siam Motors was not entitled to collect on its November 2001 invoice of $3220.
After Siam Motors made repairs to Spi-vey’s Mercedes, Spivey wrote two checks, one for $3220 for the invoice dated November 28, 2001, and one for $379.80 for the invoice dated February 27, 2002. Spivey left with his car. When he returned home, he called his bank and stopped payment on the checks. Siam Motors sought to collect on the two bad checks and sought treble damages. Spivey filed a counterclaim for the loss of use of his car.[1]
In the final judgment, the trial court determined that the November 2001 invoice for $3220 was not in compliance with section 559.905, which governs written estimates and disclosure statements for motor vehicle repairs. The court further determined that even if Spivey waived the initial written estimate by leaving the vehicle at the shop with its keys, Siam Motors was still required to comply with the provisions of section 559.909(5). The court found that the November 2001 invoice did not meet the statute’s requirements and thus Siam Motors could not collect for work performed as reflected in that invoice. The court observed that but for this deficiency Siam Motors would be entitled to full payment. With respect to the February 2002 invoice, the trial court determined that Siam Motors complied with all statutory requirements and thus was entitled to the invoice amount of $379.80 and treble damages. The trial court found against Spivey on his counterclaim for the loss of use of his car.
Siam Motors contends on appeal that the trial court should have granted its motion in limine and prevented Spivey from introducing any evidence at trial be *694 cause he did not post a cash or surety-bond as section 559.917(4) requires. The trial court heard this motion just before trial, and the appellate record contains no transcript of the hearing. The trial court’s order denying the motion states that the court relied upon the motion, argument of counsel, and the statute in making its decision. A reading of the statute shows that it is not applicable to the present case.
Section 559.917(4) requires the posting of a cash or surety bond to obtain “any recourse under this section with respect to the motor vehicle repair shop.” § 599.917(4) (emphasis added). Section 559.917 deals with bonds to release posses-sory liens claimed under part II of chapter 713, Florida Statutes, by the motor vehicle repair shop. In the present case, Siam Motors did not retain possession of Spi-vey’s car and did not claim a lien under part II of chapter 713. Thus, the statute is inapplicable, and the trial court properly denied Siam Motors’ motion in limine.
But Siam Motors also argues that Spivey waived any written estimate required by section 559.905(1) because he delivered the car to Siam Motors when the shop was closed. See § 559.905(5). The trial court correctly stated in the final judgment that even if Spivey waived the initial written estimate by leaving the vehicle at the shop with its keys, Siam Motors was still required to comply with section 559.905(5). Section 559.905(5) states that “upon completion of diagnostic work necessary to estimate the cost of repair, the shop shall notify the customer as required in s. 559.909(1).” The trial court stated that section “559.909(1) requires a written estimate in the event that the contemplated repairs exceed the initial expectation, and requires that the customer authorize additional work to proceed.” However, the applicable portion is section 559.909(l)(c), which provides as follows:
(1) In the event that:
[[Image here]]
(c) An implied partial waiver exists for diagnostic work, as described in s. 559.905(5), and such diagnostic work has been completed,
the customer shall be promptly notified by telephone, telegraph, mail, or other means of the additional repair work and estimated cost thereof. A customer so notified shall, orally or in writing, authorize, modify, or cancel the order for repair.
Thus, section 559.909(1) allows for notification of the customer by telephone of any additional repair work and its estimated cost. Section 559.909(1) also allows the customer to orally authorize the order for repair. Therefore, the trial court misconstrued the statute when it stated that the November 2001 written invoice did not comply with the statute. In its findings of fact, the trial court found that Siam Motors called Spivey and provided him with a verbal estimate of the needed repairs to the engine. The court did not make a finding that Spivey cancelled the order for repair. Rather, the court found that after the repairs were made, Spivey test drove the car, said he was satisfied with the repairs, wrote two checks for the two invoices, and left with his car.
Even without a trial transcript, the appellate court can reverse when the trial court makes an error of law on the face of the judgment. See Mobley v. Mobley, 18 So.3d 724, 727 (Fla. 2d DCA 2009). Because the trial court interpreted section 559.909(1) to require a written estimate when one was not required under the present circumstances, we reverse the final judgment to the extent that the trial court found that Siam Motors cannot collect on the November 2001 invoice of $3220. In light of the trial court’s factual findings, on remand Siam Motors is entitled to judg *695 ment on both the November 2001 invoice and the February 2002 invoice.
Affirmed in part, reversed in part, and remanded.
CASANUEVA and MORRIS, JJ., Concur.

. Siam Motors originally filed a small claims action in county court. Spivey filed a counterclaim and alleged damages in excess of $15,000. The action was removed to the circuit court in 2009.