DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DENISE CHIANESE,**
Appellant,

v.

**GREGORY A. BRADY,**
Appellee.

No. 4D14-2480

[August 5, 2015]

Appeal of a non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Timothy Bailey, Judge; L.T. Case No. 03-007694 FMCE (41)(93).

Nancy A. Hass of Nancy A. Hass, P.A., Hallandale Beach, for appellant.

Cynthia L. Greene of the Law Offices of Greene Smith & Associates, P.A., Coral Gables, and Chorowski & Clary, P.A., Fort Lauderdale, for appellee.

PER CURIAM.

*Affirmed.*

CIKLIN, C.J., and CONNER, J., concur.
WARNER, J., concurs specially with opinion.

WARNER, J., concurring specially.

I concur in the affirmance of the denial of a further award of temporary attorney's fees in this petition to modify child support. I write to note my disagreement that the mother had not shown a need for fees, but I agree that she had not shown that the fees requested were reasonable or necessary.

The mother was seeking additional child support over and above what the parties had agreed to years earlier: $6,000 per month plus health insurance, private schooling, and many other expenses that the father

agreed to pay. The father, never married to the mother, is very wealthy, and he does not contest his ability to pay temporary attorney's fees to the mother. The mother, on the other hand, has little income, yet the court concluded that she could dip into her retirement account or assets that she was awarded in her divorce from her husband (not the father), or use some of the child support that the father is currently paying and thus had no need for assistance. The mother should not have to invade her assets to pay her attorney's fees where the father is so clearly able to pay them. *See Byers v. Byers*, 910 So. 2d 336, 342-43 (Fla. 4th DCA 2005) (based upon parties' disparate earning potential and the fact that the wife had to invade her assets to support herself and pay attorney's fees, trial court abused its discretion in refusing to award temporary attorney's fees).

However, while need and ability to pay are important, the trial court must always determine the reasonableness of the fees before ordering a party to pay fees. *See* § 61.16, Fla. Stat. (2014); *Duncan v. Duncan*, 642 So. 2d 1167, 1168-69 (Fla. 4th DCA 1994). In this case, the trial court found that the fees were not reasonable. The court had previously awarded $30,000 to the mother for temporary fees and then denied a subsequent request for more, which denial we affirmed on appeal. *See Chianese v. Brady*, 158 So. 3d 596 (Fla. 4th DCA 2015). Undeterred, the mother's attorney filed this third motion for temporary attorney's fees. He justified the need for fees and accountant's costs based upon the fact that he was engaging in substantial financial discovery, to which the father objected, and because he was advancing new and novel theories to obtain an increase in child support. The court called the case "out of control" and denied more fees without prejudice to a determination of fees at the final hearing. In doing so, the court sought to bring some "economic rationality" to these post-judgment proceedings. *See Woodward v. Berkery*, 714 So. 2d 1027, 1031 (Fla. 4th DCA 1998).

In *Woodward*, for instance, we explained that financial discovery in a support modification proceeding should not necessarily be as extensive as in an original proceeding in which the amount of support is determined and can be limited by the trial court. *Id.* at 1033-34. This case, it seems to me, is one where discovery is hardly needed. The father has already filed his financial affidavit showing wealth and income which is far more than sufficient to determine whether the child should receive child support in excess of what the parties *agreed* to in the past.

Further, the mother's attorney has stated that he is pursuing new theories to modify child support, which have required additional time and expense. For the purposes of an award of temporary fees, I do not

think that the court needs to award fees so that the mother can devise new theories to increase her child support. The law of modification and the essential elements which must be proved are fairly straightforward; thus, the trial court was right to reject a requested fee in excess of $100,000 to get the case to trial. Even given the unusual facts of this case, where the father and mother reunited for a few years and the child was treated to some of his father's lavish lifestyle, this is not an initial determination of child support. The issues are limited, as the trial court determined, and so is the need for interim attorney's fees. This does not preclude the trial court from making an additional award after the court has heard the entire case and determines that fees were reasonable.

Because the mother did not prove the reasonableness of the fees she requested, and the father has already paid her $30,000 in temporary attorney's fees, I agree that the court did not abuse its discretion in denying this third motion for fees.

*　　*　　*

**_Not final until disposition of timely filed motion for rehearing._**