NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


RODNEY DEWAYNE RYANS,    )
                       )
        Appellant,       )
                       )
v.                     )      Case No. 2D15-3933
                       )
ALLISON MCKAY BELL,     )
                       )
        Appellee.       )
                       )
_____)


Opinion filed February 10, 2017.

Appeal from the Circuit Court for
Hillsborough County; Martha J. Cook,
Judge.

Jane H. Grossman, St. Petersburg, for
Appellant.

Matthew Thatcher of The Solomon Law
Group, P.A., Tampa, for Appellee.


LUCAS, Judge.

         Rodney Dewayne Ryans appeals a final judgment establishing time-

sharing and child support for L.T.R., his minor child with Alison McKay Bell. We do not

believe the circuit court's adoption of Ms. Bell's proposed final judgment after the

conclusion of the trial, under the circumstances of this case, was a "substitute for a

thoughtful and independent analysis of the facts, issues, and law by the trial judge." See Bishop v. Bishop, 47 So. 3d 326, 328 (Fla. 2d DCA 2010) (quoting Perlow v. Berg-Perlow, 875 So. 2d 383, 390 (Fla. 2004)).  However, as Ms. Bell concedes, the final judgment's child support calculation failed to account for Mr. Ryans' cost of health insurance.  That omission is clear from the face of the record and contrary to Florida law.  See § 61.30(3)(e), Florida Statutes (2011) ("Allowable deductions *shall* include . . . [h]ealth insurance payments, excluding payments for coverage of the minor child." (emphasis added)).  Therefore, we reverse the final judgment with instructions to the circuit court to recalculate Mr. Ryans' child support obligation, deducting from his monthly net income the monthly premiums Mr. Ryans pays for his health insurance. Finding no other error, we affirm the circuit court's judgment in all other respects.

Affirmed in part; reversed in part; remanded.

CASANUEVA and WALLACE, JJ., Concur.