NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

EUGENE SMITH, JR.,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Appellant,　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　)　　　Case No. 2D16-2086
　　　　　　　　　　　　　　　　　　　　)
EUGENIA TIARA WALLACE,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Appellee.　　　　　　　　)
_____)

Opinion filed May 10, 2017.

Appeal from the Circuit Court for
Hillsborough County; Nick Nazaretian,
Judge.

Jovona I. Parker, Fort Pierce, for Appellant.

Eugenia Tiara Wallace, pro se.

CASANUEVA, Judge.

　　　　　　Eugene Smith, Jr., appeals the final judgment resolving his supplemental

petition for modification of child support.  He alleges that the judgment contains

numerous errors, including miscalculations and omissions.  We note that our review is

limited to errors on the face of the judgment because there is no transcript of the

proceedings.  In Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla.

1979), the Florida Supreme Court explained:

When there are issues of fact the appellant necessarily asks the reviewing court to draw conclusions about the evidence. Without a record of the trial proceedings, the appellate court can not [sic] properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal. The trial court should have been affirmed because the record brought forward by the appellant is inadequate to demonstrate reversible error.

However, even in the absence of a transcript, an appellate court can reverse in those instances when the trial court makes an error of law on the face of the judgment. Siam Motors, Inc. v. Spivey, 136 So. 3d 692, 694 (Fla. 2d DCA 2014). In the present case, we find no error of law on the face of the judgment and affirm.

We note that Mr. Smith asked the trial court to approve a statement of the evidence and an amended statement of the evidence pursuant to Florida Rule of Appellate Procedure 9.200. Rule 9.200(b)(4) provides as follows:

If no report of the proceedings was made, or if the transcript is unavailable, a party may prepare a statement of the evidence or proceedings from the best available means, including the party's recollection. The statement shall be served on all other parties, who may serve objections or proposed amendments to it within 10 days of service. Thereafter, the statement and any objections or proposed amendments shall be filed with the lower tribunal for settlement and approval. As settled and approved, the statement shall be included by the clerk of the lower tribunal in the record.

On June 7, 2016, the trial court held a hearing on Mr. Smith's request and found that Ms. Wallace's counsel had "agreed that these things happened in this case,

- 2 -

1 through 19. So those will be part of the statement of proceedings."[1] Then the trial court advised Mr. Smith, "You need to complete an order which states that, okay?" That way, the court noted, "the DCA will have at least 19 stipulated facts on the record." The court then decided to write the order: "Actually, you know what? I'm going to go ahead and do that order. Not that you can't do it, but it would be easier if I did it and I'll do that in a few minutes when we're finished."

After examining the record on appeal, we are unable to locate a written order that comports with the trial court's oral pronouncement. Rather, twenty-two days after the hearing, the trial court entered a written order denying the very motion it had previously granted as to the nineteen facts. In its order, the trial court ruled as follows:

> 5)     The Court finds the Petitioner the Petitioner [sic]
> prepared a statement of the evidence and submitted
> the statement to the Respondent.
>
> 6)     The Court finds the Respondent served the objections
> or proposed amendment.
>
> 7)     The Court finds the Petitioner submitted the
> statement of evidence along with any proposed
> objections or amendments to the trial judge for
> settlement and approval. The Court reviewed the
> three steps in the process[.]
>
> 8)     This Court finds it is unable to settle the factual
> differences between the parties. Therefore, this Court
> finds the statement of evidence offered by the party
> seeking review may not be used as a substitute for
> the transcript.[2]

---

[1]The trial court was referring to the items in Mr. Smith's amended statement of the evidence.

[2]At the hearing, the trial court asked Ms. Wallace's counsel, "So you have agreed that this is what happened in the case? These 19 things." Ms. Wallace responded, "Correct, Your Honor."

Mr. Smith filed a motion for rehearing as to this order, noting that the order was in direct conflict with the trial court's oral ruling. The trial court entered an order denying this motion without explanation.

The impact of an order denying a request to approve an agreed upon statement of the evidence is to deny even limited appellate review afforded by those facts. Certainly, a trial court is afforded the ability to, after further contemplation, alter or change its interlocutory ruling. However, this record provides no insight indicating why the trial court changed its mind.

Nonetheless, as our record does contain Mr. Smith's proposed amended statement of the evidence, we note that the nineteen facts set forth therein would not afford a basis for reversal. For example, item nineteen sets forth the fact that the trial judge "wholly adopted the Respondent's Final Judgment . . . without amendment or modification." While that fact may, in and of itself, be true, it does not rise to a level requiring reversal. More is required.

Florida law does not prohibit the adoption, verbatim, of a judgment that has been proposed by a party to the litigation. See In re T.D., 924 So. 2d 827, 831 (Fla. 2d DCA 2005). Rather, the adopted judgment "cannot substitute for a thoughtful and independent analysis of the facts, issues, and law by the trial judge." Perlow v. Berg-Perlow, 875 So. 2d 383, 390 (Fla. 2004); see also Ryans v. Bell, 210 So. 3d 251 (Fla. 2d DCA 2017); Bishop v. Bishop, 47 So. 3d 326 (Fla. 2d DCA 2010).

Affirmed.


VILLANTI, C.J., and KHOUZAM, J., Concur.