COHEN, C.J.
Samantha Rotunda ("Wife") appeals a non-final order awarding her temporary attorney's fees, costs, and suit money during the pendency of the parties' divorce action. Wife claims that the trial court abused its discretion in failing to award her expert fees and attorney's costs and in failing to make findings regarding her attorney's reasonable hourly rate and number of hours expended. Additionally, Wife argues that competent, substantial evidence did not support the award. Windham Rotunda ("Husband") concedes that the court erred by failing to include Wife's attorney's reasonable hourly rate and number of hours expended, but argues that competent, substantial evidence supported the award, which included expert fees and attorney's costs. We reverse.
The parties reside in Hernando County, a rural area of the state near Tampa. Wife is a stay-at-home mother to the parties' two children. She hired a board-certified marital and family law lawyer from Miami with prior experience representing women whose husbands, like hers, were professional wrestlers.
Wife moved for temporary attorney's fees, costs, and suit money. At the evidentiary hearing, Wife's attorney, Raymond Rafool, testified to his hourly rate of $575, with a graduated rate for partners, associates, and paralegals who would presumably be working on the matter. Rafool's attorney's fees, including costs and suit money, exceeded $172,000 at the time of the hearing. He testified that he anticipated incurring almost $69,000 in additional fees through trial.
*218 Husband presented the testimony of Jeffrey Cario, a local lawyer also board-certified in marital and family law. Cario testified that within the Fifth Circuit, which includes Hernando County, a reasonable hourly rate for Rafool's services would be $400 with equivalent adjustments for the remaining members of Rafool's firm. Cario opined that after reviewing Rafool's billing statement charges and reducing his hourly rate, Rafool reasonably earned just over $76,000 in fees. Cario did not express any opinion as to prospective fees or costs.
Both parties hired forensic accountants with similar credentials. As of the date of the hearing, Wife's accountant's fees were approximately $75,000.[1]
Following the hearing, the trial court awarded Wife $50,000 in temporary attorney's fees, costs, and suit money. The order failed to specify which expenses the award was intended to cover and therefore does not provide sufficient information for our review. In Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1150 (Fla. 1985), the Florida Supreme Court articulated specific guidelines to assist trial judges in objectively providing attorney's fee awards. The approach involves determining an appropriate reasonable number of hours expended and multiplying that number by a reasonable hourly rate. Id. at 1151. The court explained that doing so "allow[s] parties an opportunity for meaningful appellate review." Id. at 1152. Reasonableness findings are required for temporary fee awards as well. In Kasm v. Kasm, 933 So.2d 48, 49 (Fla. 2d DCA 2006), the Second District reversed and remanded a $10,000 temporary attorney's fee award because the order did not contain findings of reasonableness or explain how the trial court arrived at its determination. The appellate court noted that it was unclear which fees and expenses, past or future, were included in the award. Id. at 50.
Like the temporary award in Kasm, this order does not inform us of the trial court's determination of a reasonable hourly rate and whether this temporary award is intended to only cover fees Wife already incurred or her prospective fees as well. It also does not inform how much, if anything, the court awarded for Wife's forensic accountant's fees. Husband concedes that the trial court was required to make findings regarding Wife's attorney's reasonable hourly rate, reasonable number of hours expended, and anticipated fees and that remand is required for the court to include these findings and explain how it arrived at its determination of a $50,000 award.
Contrary to Husband's contention, we cannot assume that the trial court accepted Cario's testimony as to a $400 reasonable hourly rate, particularly in light of the fact that Husband hired a lawyer from outside this jurisdiction whose hourly rate is $475. Even if that were the trial court's intent, the award of $50,000 falls short of what Cario testified Wife's attorney's fees would be based on a $400 hourly rate and a reasonable expenditure of time as of the date of the hearing. Additionally, the order seems to provide no monies for prospective fees nor does it seem to award any funds to compensate for what both parties recognize as reasonable and necessary expert accounting fees. Wife cannot be forced to use Husband's accountant nor should she be penalized for failing to do so.
*219 We understand the trial court's concern that the litigation costs will significantly impact the assets available for equitable distribution. We hope that the parties are sensitive to this as well. However, we are compelled to find the trial court abused its discretion in awarding Wife only $50,000 in temporary attorney's fees, costs, and suit money and in failing to include findings of reasonableness and an accounting of the award in its order.
REVERSED and REMANDED.
WALLIS and EISNAUGLE, JJ., concur.

Husband is an independent contractor whose salary is based upon event performances and royalties. Husband's status as an independent contractor makes computation of his net income significantly more complicated than other types of income. The necessity of a forensic accountant was not and is not in dispute.