# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D23-1614
Lower Tribunal No. 2018-CA-0002175-O

_____

RICHARD L. SHURE, M.D.,

Appellant,

v.

AMERICAN ASSOCIATION OF ORTHOPAEDIC SURGEONS, AMERICAN ACADEMY OF ORTHOPAEDIC SURGEONS, and BRIAN S. ZIEGLER, M.D.,

Appellees.

_____

Appeal from the Circuit Court for Orange County.
Kevin B. Weiss, Judge.

May 17, 2024

PER CURIAM.

Richard Shure, M.D. ("Shure") appeals an order granting summary judgment in favor of American Association of Orthopaedic Surgeons and American Academy of Orthopaedic Surgeons (collectively "AAOS").[1] Shure contends that reversal is warranted because there were genuine issues of material fact remaining on his claims

---

[1] This case was transferred from the Fifth District Court of Appeal to this Court on January 1, 2023.

for defamation per se and civil conspiracy against AAOS. We disagree and affirm without discussion.

Shure also contends the trial court improperly adopted AAOS' proposed order verbatim and urges us to reverse on this ground as well. Specifically, Shure argues that there is an appearance that the judgment entered does not reflect the trial court's independent decision-making because the trial court never made oral rulings or findings at the summary judgment hearing and then adopted verbatim a one-sided proposed order which contained a typographical error.

As recently pointed out by our sister court, Florida law does not prohibit the adoption, verbatim, of a judgment that has been proposed by a party to the litigation. *Tercier v. Univ. of Miami, Inc.*, No. 3D22-1334, 2023 WL 4916043, at *5 (Fla. 3d DCA Aug. 2, 2023) (citing *Smith v. Wallace*, 249 So. 3d 670, 672 (Fla. 2d DCA 2017)); *In re T.D. v. Dep't of Child. & Fam. Servs.*, 924 So. 2d 827, 831 (Fla. 2d DCA 2005). Instead, "what is critical for a reviewing court is that a final judgment reflect the trial judge's independent decision on the issues of a case, not that the judge used words drafted by one of the parties to express that decision." *Id.* (citing *Flint v. Fortson*, 744 So. 2d 1217, 1220 (Fla. 4th DCA 1999)).

In the present case, both parties were allowed to submit proposed orders. Eight days passed from the time that the parties' submitted their proposals until the trial court entered final judgment. During that time, Shure did not raise any objection to

2

AAOS' proposed final judgment. It was not until after the trial court entered the final judgment that Shure notified the trial court of his objections, including that the judgment contained a typographical error, i.e. the judgment referenced an incorrect count in Shure's complaint (reference to Count IV should have been to Count III).

In its order denying Shure's motion for rehearing, the trial court stated that "[p]rior to issuing its Order, the Court reviewed both proposed orders in light of the Court's trial notes, the record and the briefs" and determined that AAOS' proposed order "accurately reflected the Court's ruling, including the findings of fact and the legal basis for the ruling." In sum, the facts that gave rise to the Florida Supreme Court's concerns in *Perlow v. Berg-Perlow*, 875 So. 2d 383 (Fla. 2004), wherein the court found an appearance of impropriety, are not present here and accordingly, we affirm. However, we remand for correction of the identified typographical error as it is a scrivener's error and the error was preserved below and has now been presented on appeal. *See generally Helton v. Gunderson*, 708 So. 2d 1029, 1029 (Fla. 3d DCA 1988) (remanding "for correction of a scrivener's error because the order should have dismissed Counts II-XVII").

AFFIRMED and REMANDED.

NARDELLA, WHITE and MIZE, JJ., concur.


Christopher V. Carlyle, of The Carlyle Appellate Law Firm, Orlando, and Michael R. Lowe and Brian C. Evander, of Lowe & Evander, P.A., Sanford, for Appellant.

3

Phillip J. Sheehe and Johanna E. Sheehe, of Sheehe & Associates, P.A., Miami, for Appellees, American Association of Orthopaedic Surgeons and American Academy of Orthopaedic Surgeons.

No Appearance for Appellee, Brian S. Ziegler, M.D.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF TIMELY FILED