# Third District Court of Appeal

## State of Florida

Opinion filed December 17, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1052
Lower Tribunal No. 22-6178-FC-04
_____


**Lina Besada Broche,**
Appellant,

vs.

**Juan Pablo Broche,**
Appellee.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Christina Marie DiRaimondo, Judge.

Horton Law Group, P.A., and Sommer Christine Horton (Boca Raton), for appellant.

Quintero Broche & Fonseca-Nader, P.A., and Jessica Fonseca-Nader, for appellee.


Before, SCALES, C.J., and EMAS, and LOGUE, JJ.

PER CURIAM.

Affirmed.

See <u>Tercier v. Univ. of Miami, Inc.</u>, 383 So. 3d 847, 854 (Fla. 3d DCA 2023) ("[W]e note that 'Florida law does not prohibit the adoption, verbatim, of a judgment that has been proposed by a party to the litigation.'" (quoting <u>Smith v. Wallace</u>, 249 So. 3d 670, 672 (Fla. 2d DCA 2017) and citing <u>In re T.D. v. Dep't of Child. & Fam. Servs.</u>, 924 So. 2d 827, 831 (Fla. 2d DCA 2005) (observing that no "post-<u>Berg-Perlow</u> decisions of this court requires reversal solely on the ground that a trial court has adopted a judgment prepared by one of the parties"))); <u>Kendall Healthcare Grp., Ltd. v. Madrigal</u>, 271 So. 3d 1120, 1122 (Fla. 3d DCA 2019) (rejecting appellant's argument "that the trial judge failed to exercise his independent judgment merely because he adopted verbatim [appellees'] proposed order"); <u>Flint v. Fortson</u>, 744 So. 2d 1217, 1220 (Fla. 4th DCA 1999) ("[W]hat is critical for a reviewing court is that a final judgment reflect the trial judge's independent decision on the issues of a case, not that the judge used words drafted by one of the parties to express that decision."); <u>see also</u> <u>Kasm v. Kasm</u>, 933 So. 2d 48, 50 (Fla. 2d DCA 2006) ("The trial court must not only determine that one spouse has a need for suit money and the other has the ability to pay, but also that the temporary attorney's fees and costs awarded are reasonable." (quotation omitted)); <u>Safford v. Safford</u>, 656 So. 2d 485, 485 (Fla. 2d DCA 1994) ("The 'appropriate inquiry and standard to be applied is the same

2

whether the fees requested are temporary or final.'" (quoting <u>Nichols v. Nichols</u>, 519 So. 2d 620, 622 (Fla. 1988))).